COMMONWEALTH *vs.* PATRICK S. CALLAHAN.

At the trial of an indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement for the illegal sale of intoxicating liquors, evidence is competent of a voluntary offer of the defendant to plead guilty, on terms affecting his sentence, to a complaint made against him for keeping intoxicating liquor in the tenement for unlawful sale within the time charged.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining at Lynn on June 1, 1871, and divers other days and times between that day and the first Monday of October 1871, a tenement used by the defendant for the illegal sale and illegal keeping of intoxicating liquors. Trial and verdict of guilty in the superior court, before *Scudder,* J., who allowed a bill of exceptions of which the following is the material part:

" John F. Brown testified that he had seen the defendant in the tenement, from time to time, between August 1 and October 1, 1871, and that on one occasion, prior to September 20, 1871, he saw him there and said to him, ' Are you keeping here ? ' to which the defendant answered, ' Yes ; ' that on September 20, 1871, he went to the tenement and there found a few gallons of intoxicating liquor in a demijohn and several bottles, and took them away ; and that two or three days afterwards he went to the place again, and, finding the defendant there, had a conversation with him, in substance as follows : ' I told him I had made a complaint in the police court against him for keeping liquor with intent to sell, on September 20. He asked what he had better do about it. I told him it was not for me to advise him. He said he would plead guilty, if he could get off with a fine.' This testimony was objected to, but the judge admitted it. The only question argued to the jury was, whether the defendant was the keeper of the tenement."

*S. B. Ives, Jr.,* for the defendant. The defendant suggested to the witness that he was willing to make an admission on certain terms. If he had made the admission on those terms, evidence of it would have been incompetent. *A fortiori,* evidence of the offer is incompetent.

*C. Allen,* Attorney General, for the Commonwealth.

AMES, J. A confession by a party charged with a crime is competent evidence against him, unless it was improperly ob-tained. It does not appear that in the case of this defendant any promise was made to him, or anything said or done to operate upon his fears, beyond the simple fact of his arrest. In answer to his inquiry what he had better do, the witness declined to give him any advice, but left him wholly to his own judgment. The alleged confession was therefore competent. It was for the jury to judge of its weight and effect under all the circumstances. See *Commonwealth* v. *Cuffee, ante,* 285. *Exceptions overruled.*