NICHOLS *v.* BRINKLEY MERCANTILE COMPANY.

Opinion delivered June 12, 1922.

1. CORPORATIONS—REPRESENTATION BY MANAGER.—Where the manager of a corporation, who was also a partner in an independent business, made up a statement of the indebtedness of the partnership to others who took over the business and assumed the debts of the partnership, his knowledge that the corporation's claim was not included in the statement could not be imputed to the corporation.

2. PARTNERSHIP—LIABILITY ON DEBT ASSUMED.—Where defendants, who assumed the debts of a partnership on its dissolution, are sued by a creditor of the firm, they could not postpone collection of such claim until they could litigate a claim against one of the former partners for misrepresentation in making up a statement of the debts assumed which did not include plaintiff's claim.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; affirmed.

*Mathis & Trice,* for appellant.

Where a person intentionally or by culpable negligence induces another to act upon his representations he will be estopped from denying the truth. 91 Ark. 141; 89 Ark. 349; 55 Ark. 296.

Ordinary prudence and diligence do not require one to test the truth of representations made to him by another. 89 Ark. 321.

*Bogle & Sharp,* for appellee.

Equitable estoppel is the effect of voluntary conduct of a party whereby he is precluded from asserting rights which might perhaps have otherwise existed, as against another person in good faith relied upon such conduct. 21 Corpus Juris 1113.

No man shall be held bound by a proceeding to which he was not a party. 13 Ark. 214.

A corporation may not be bound by the representations of its manager, even though his representations are untrue. 63 Ark. 212; 63 Ark. 268.

A principal is not estopped by the conduct of his agent unless it be a matter in which the agent had authority to act. 72 Ark. 62; 97 Ark. 43.

An estoppel bars the truth to the contrary; the party setting it up must prove it strictly. 65 N. W. 604; 83 Fed. 725.

A written contract cannot be contradicted or altered by parol evidence. 3 L. R. A. 308; 1 Greenleaf on Evidence, sec. 275; 34 Fed. 239; 63 U. S. 22; 64 U. S. 23; 96 U. S. 544; 104 Ark. 475; 83 Ark. 283.

SMITH, J. Appellee is a domestic corporation, and filed a complaint containing the following allegations: In February, 1920, Elmo Chaney and J. Harvey Nichols were copartners in the business of constructing roads. Nichols and certain other persons made defendants herein entered into an agreement with Chaney under which the copartnership of Nichols & Chaney was dissolved, and Nichols and the other persons made defendants purchased the assets of the firm. The defendants, as a part of the purchase price, agreed to assume all of the obligations of the firm of Nichols & Chaney. At the time of such purchase the firm of Nichols & Chaney was indebted to plaintiff for merchandise in the sum of $523.70, and judgment was prayed for that amount.

The defendants filed their answer, which was accompanied by a motion to transfer to equity, and a motion to have Chaney made a party. The motions were overruled and exceptions saved.

The answer admitted the agreement under which the firm of Nichols & Chaney was dissolved; but alleged that, preliminary to the making of that agreement and as a part thereof, the defendants demanded of Chaney a statement of the different accounts which the firm of Nichols & Chaney owed. Chaney, who kept the books of Nichols & Chaney, undertook to, and did, furnish what purported to be a complete statement of the indebtedness of Nichols & Chaney, and the statement so furnished did not include the account sued on. At the time the agreement was made under which defendants acquired the assets of Nichols & Chaney, Chaney was the manager of plaintiff. Defendants alleged that they relied on the statement

furnished by Chaney as to the indebtedness of the firm, that they were induced to purchase its assets and assume its obligations in reliance on the correctness of said statement. Defendants alleged that Chaney, as bookkeeper for Nichols & Chaney and as manager for the plaintiff, knew the account sued on was outstanding and unpaid, and that plaintiff is therefore estopped to maintain this action. There was a prayer that Chaney be made a party and that judgment be rendered against him for the amount of the account.

A demurrer to this answer was sustained, and, upon defendants refusing to plead further, judgment was rendered against them for the amount sued for, and from that judgment is this appeal.

The contract under which the firm of Nichols & Chaney was dissolved is made an exhibit to the complaint, and it appears from it. that the consideration to be paid Chaney was something over $19,000, of which $3,000 was paid in cash and the balance to be paid in installments.

It is not alleged that, in making the representations to defendants as to the indebtedness due by the firm of Nichols & Chaney, Chaney was acting for plaintiff. On the contrary, he was acting for himself. It is not alleged what Chaney's authority was as manager, nor is it alleged that defendants contracted with him as the representative or agent of plaintiff. Upon the contrary, they contracted with him as a member of the firm of Nichols & Chaney; and, if it be said that defendants had a right to rely upon the statement of Chaney as to the firm's indebtedness because he was the bookkeeper and in possession of that information, it may be answered that this knowledge is not to be imputed to plaintiff, as Chaney was not purporting to act for plaintiff in furnishing this information. Plaintiff was not called upon for a statement of the account due it. The statement furnished was prepared by Chaney as a member of the firm of Nichols & Chaney and as bookkeeper for that firm. There is no allegation that Chaney is insolvent. It appears, from

the pleadings and the exhibits thereto, that defendants are indebted to him in a large sum of money, and if they were induced by the false representation of Chaney, as they alleged, to take over the assets of the firm of Nichols & Chaney and to assume its obligations, they have their action against Chaney.

Plaintiff's cause of action is present and complete. The account is due and unpaid, and defendants, in their answer, admit that, for a valuable consideration, they assumed its payment. There is therefore no reason why plaintiff should be postponed in the collection of its account until defendants have litigated with Chaney the question of his liability to them on account of his alleged false representations.

The demurrer was properly sustained, and the judgment is affirmed.