## WRIGHT v. STATE.

### Opinion delivered October 9, 1922.

1. INDICTMENT AND INFORMATION—DUPLICITY.—An indictment for setting up and keeping in possession a certain still and stillworm to be used and operated as a distillery without registering it, *held* to charge the single offense of setting up a still for the purpose of producing distilled spirits.

2. INDICTMENT AND INFORMATION—SURPLUSAGE.—Where an indictment under Acts 1921, No. 324, § 2, alleging the setting up of a still and stillworm for the purpose of producing distilled spirits, alleged further that defendant kept a still in his possession without registering it, the latter allegation, while unnecessary, did not detract from the essential allegation.

3. INTOXICATING LIQUORS—EVIDENCE.—In a prosecution under Acts 1921, No. 324, p. 373, § 2, for setting up a still and stillworm for the purpose of producing distilled spirits, evidence *held* to sustain a conviction.

4. INTOXICATING LIQUORS—SETTING UP STILL—EVIDENCE.—In a prosecution under Acts 1921, No. 324, p. 373, § 2, for setting up a still and stillworm for the purpose of producing distilled spirits, evidence that defendant was actually operating a still and that he admitted that he was engaged in making whiskey, *held* sufficient to sustain a conviction.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*J. M. Carter* and *B. E. Carter,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was convicted under the following indictment:

"The grand jury of Miller County, in the name and by the authority of the State of Arkansas, accuse Peyton Wright of the crime of setting up a distillery, committed as follows, to-wit: The said Peyton Wright, in the county and State aforesaid, on the 5th day of June, A. D. 1922, did unlawfully, wilfully and feloniously set up and keep in possession a certain still and stillworm to be used and operated as a distillery for the purpose of making and manufacturing alcoholic, vinous, malt, spirituous and fermented liquor, without registering same with the proper United States officer as required by law."

There was a demurrer to the indictment on the ground that it charged two offenses, which was overruled; and a motion was filed to require the State to elect, which was also overruled.

The indictment in the case was based on § 2 of act 324 of the Acts of 1921 (General Acts 1921, page 372), and appellant contends the demurrer and the motion to require the State to elect should be sustained on the authority of the case of *McIntire* v. *State,* 151 Ark. 458, in which that section was construed. We there said that § 2 created two offenses, the first that of keeping in one's possession a stillworm or still without registering it with the proper officer of the United States; and the second that of setting up, to be used as a distillery, any stillworm or substitute therefor.

The first paragraph of this § 2 is directed against the mere keeping of a stillworm or still in one's possession without registering it. One may not have in his possession a stillworm or still, even though it is not

set up, without registering it with the proper United States officer; and if he sets it up, or sets up any substitute therefor, for the purpose of using the same, or which, after being so set up, may be used for the production of distilled spirits, he commits the second offense there denounced; and it is immaterial, so far as this second offense is concerned, whether the still or stillworm is registered or not.

The indictment set out above in fact charges the second offense. It does this with unnecessary particularity. For instance, it alleges the still was set up without having been registered with the proper United States officer; but, as has been said, the omission to register it is unimportant if the still is set up for the purpose of using it, or was susceptible to use in producing distilled spirits.

It is argued that the allegation that appellant "did set up and keep in possession" a certain still and stillworm shows an intent to charge the commission of both offenses. The effect of the language quoted is to allege unnecessarily that appellant kept in his possession a still which he had set up for the purpose of producing distilled spirits. The offense was completed when he set the still up for the purpose of producing distilled spirits; and the keeping of it, set up, in his possession, added nothing to the offense.

Having alleged that appellant set up a still and stillworm for the purpose of producing distilled spirits, it was unnecessary to allege that he thereafter kept the still and stillworm in his possession, or had failed to register it with the proper United States officer; but these unnecessary allegations detracted nothing from the essential allegation that appellant had set up a still for the purpose of producing distilled spirits.

The instructions of the court conformed to the views here expressed and told the jury that, if they found that appellant did unlawfully and feloniously set up and keep in possession a still or stillworm, to be used and operated

as a distillery, he should be convicted; and this was a correct declaration of the law.

What we have just said disposes of most of the objections to the State's testimony, the objections being in line with appellant's contention that the indictment was bad in that two offenses were charged in a single count.

The evidence fully sustains the verdict; and in our opinion no error was committed in admitting or excluding testimony. Three deputy sheriffs made a raid on a distillery, which was not only set up but was in actual operation, and when appellant was first seen he was in the very act of replenishing the fire under the boiler. Whiskey was running from the stillworm, and several jugs of new whiskey were found near by. A gun was found near the still, and appellant admitted to the officers that he, and he alone, was engaged in making whiskey at that place, although he denied that he owned the still, or had set it up.

Objection was made to the testimony showing the things found around the still and appellant's admissions. But we think the testimony was competent as showing that the crime charged had been and was being committed and appellant's connection therewith. The still had been set up by some one. Appellant denied he had any partner in the crime. He was actually operating the still when discovered, and this testimony sufficiently supports the allegations of the indictment, and the judgment must be affirmed. It is so ordered.