### Addington v. Commonwealth.

(Decided September 28, 1923.)

Appeal from Letcher Circuit Court.

1. Criminal Law—Plea of Guilty in Another Court Admissible.—In prosecution in state court, an oral plea of guilty in the federal court upon the same charge, based upon the same facts, was competent and provable by oral evidence.

2. Criminal Law—Statements to Attorney Self-Serving Declarations and Inadmissible.—Where a plea of guilty in federal court is admitted in evidence in prosecution for same offense in state court, the defendant is entitled to have the jury hear and consider his entire statement in the federal court, together with any explanation he desires to make, but a statement made by him to his attorney that he was not guilty apparently in private was not a part of his plea in the federal court, was self-serving, and the court did not err in rejecting it.

3. Intoxicating Liquors—Evidence Sufficient to Show Illegal Possession.—Defendant's admission of guilt in the federal court on the same charge, his reputation as an illicit dealer in liquor, and evidence that two persons were seen coming out of his house after dark with a gallon of whiskey each, held sufficient to sustain a conviction for unlawful possession.

4. Criminal Law—Court Held to Have Erred in Failing to Instruct as to Meaning of "Having in Possession."—While ordinarily it is not necessary to instruct a jury as to meaning of such common

words or phrases as "possession" or "having in possession," yet, where a jury returned into court in a prosecution for unlawful possession of intoxicating liquors, and asked, "We want to know, if somebody else was to take whiskey in a man's possession, and if that man be gone, whether that puts him responsible or not," it was error for the court to refuse to answer the question, and to require them to decide for themselves the legal effect of the terms employed in the instructions and not defined.

D. D. FIELDS & DAY and R. MONROE FIIELDS for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was convicted of illegally possessing liquor, upon the evidence of officers who made a search of his residence. He was not in the county at the time, but his servants were in charge of his house. A keg of whiskey was found in the house, but failing to prove that they had a valid, or in fact any search warrant, this evidence was excluded from the jury, as was proper under many decisions of this court.

The only evidence of guilt not obtained under or by means of the search of defendant's premises was that two negroes came out of his residence with a gallon of whiskey each, that his reputation as a bootlegger was bad, and that he pleaded guilty to a similar charge in the federal court based upon the same facts.

The defendant, testifying for himself, denied that he had or knew of any whiskey at his residence at the time, or that he knew anything about the negroes or the whiskey found in their possession, but admitted pleading guilty in the federal court to this same charge. He then explained to the jury that he was not guilty as a matter of fact, and entered the plea in the federal court as a compromise and upon agreement with the district attorney to recommend a fine without imprisonment, simply because he preferred to pay the agreed-upon fine rather than to be compelled to come again from his home in Letcher county to federal court at Jackson in Breathitt county, it having developed that he could not otherwise get a trial and disposition of his case at that term; that the plea was not made by him in person, but for him by his attorney. He then offered, but was not permitted, to prove that he told his attorney at the time, "He was not

guilty, but would rather compromise than take chances on a trial.''

The first insistence by appellant is that proof of his plea in the federal court was not competent, but if so, the court erred in refusing to permit him to prove what he told his attorney at the time he authorized him to enter his plea of guilty.

That the plea of guilty in the federal court, upon the same charge based upon the same facts, was competent and provable by oral evidence was this day decided in McCarty v. Commonwealth, ante 287, and reference is made to that opinion for our reasons for so holding. We also held in that case that the defendant was entitled to have the jury hear and consider his entire statement, together with any explanation he desired to make, and defendant was accorded and fully availed himself of this privilege. The statement which the court refused to admit was not a part of his plea, but a statement made by him to his attorney, apparently in private, hence this statement was not a part of that plea, was self-serving simply, and the court did not err in rejecting it.

The next contention is that there was not sufficient evidence of guilt to warrant a submission of the case to the jury, or to sustain the verdict. To this we cannot agree. Defendant's admission of guilt in the federal court on the same charge, his reputation as an illicit dealer in liquor, and two persons seen coming out of his house after dark with a gallon of whiskey each, were proven circumstances, from which his possession might reasonably have been inferred, and quite sufficient, it seems to us, not only to carry the case to the jury, but also to sustain their verdict, notwithstanding defendant's denial of guilt, his absence from home, and his explanation of his former plea of guilty to the same charge.

The final contention is that the court erred in refusing further to instruct the jury after submission, as requested by them and the defendant.

The case had been submitted upon the usual instructions, which in substance directed the jury to find the defendant guilty if from the evidence they believed to the exclusion of a reasonable doubt that he ''had whiskey in his possession'' as charged, but to acquit him if they had a reasonable doubt of his having been proven guilty; to the giving of which defendant objected, moved the court to give the whole law, and saved exceptions. Just what occurred is set out in the bill of exceptions as follows:

"The jury then retired for deliberation of the case, and after deliberation of the case, returned into court and asked the following question:

" 'We want to know if somebody else was to take whiskey in a man's possession and if that man be gone, whether that puts him responsible or not.'

"The court: 'I wouldn't want to say about that; that is a matter for you to determine from these instructions, from the facts before you. That is a question submitted to you the court cannot pass on.'

"R. Monroe Fields, attorney for defendant: 'We want to ask your honor to properly instruct the jury as to what would be the law in a case of that kind.'

"The court: 'What do you want me to tell them?'

"R. Monroe Fields: 'We move your honor to instruct the jury that if whiskey was brought into the defendant's house at a time when he was not at home and at a time when he knew nothing about it, and that he knew nothing about it having been brought into his house, in that event they would find him not guilty.'

"The court overruled defendant's motion, to which defendant excepted."

While ordinarily it is not necessary to instruct a jury as to the meaning of such common words or phrases as "possession" or "having in possession," yet where, as here, a jury returns into court, confesses confusion or ignorance as to their legal application to proven facts, and requests enlightenment, we think it is error for the court to refuse and to require them to decide for themselves the legal effect of the terms employed in the instructions and not defined.

The proof shows without contradiction that defendant was not at his home or in the county at the involved time. He denied knowledge or responsibility for the presence of the whiskey which plaintiff's proof indicated was there, and the jury's question indicates quite clearly that they, or a part of them at least, believed there was whiskey in defendant's home, taken there by another during his absence, and that they did not know, under such circumstances, whether or not the liquor was in his possession within the meaning of the instructions given them.

If, as the question of the jury indicates, they believed from the evidence that there was whiskey in appellant's residence at the time but taken there by another during his absence, they must have believed, in order to find him

guilty of the offense charged, that it was taken there with his knowledge or consent, or by some one acting under his authority; but as they were not instructed upon this question of law, it is impossible to tell whether or not they so found or whether they concluded that he was guilty, even though he may have had no knowledge of or connection with its presence in his home.

We therefore conclude that, under the peculiar circumstances of this case, the court erred when it refused to inform the jury that the defendant was not guilty if they believed from the evidence, as indicated by their question, that the liquor was taken into his home by another during his absence, unless they further believed that it was done with his knowledge or consent, or by his agents acting under his authority.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.