### Addington v. Commonwealth.

(Decided November 18, 1924.)

## Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Unlawful Possession of Liquor Held for Jury.—Evidence as to guilt of unlawful possession of whiskey held sufficient to take case to jury.

2. Criminal Law—If Evidence as to Finding Keg of Whiskey was Inadmissible, Evidence of its Destruction by Officers was Inadmissible.—Where evidence as to finding of keg of whiskey at defendant's residence was inadmissbile because there was no search warrant, evidence of its destruction by officers in front of defendant's house was inadmissible.

3. Criminal Law—Admission of Evidence Held Not Cured by Striking Out Part.—While, if evidence is admitted and is excluded by court, ordinarily adverse party is not prejudiced, admission of evidence based on illegal search held not rendered harmless by striking out part of it, where competent evidence was meager.

4. Criminal Law—Court Held Not to have Erred in Failing to Define "Possession" in Liquor Prosecution.—In liquor prosecution court did not err in failing to define "possession," where jurors were not confused as to what facts would constitute possession.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a judgment inflicting a fine of $100.00 and 30 days' imprisonment, on a charge of unlawfully possessing spirituous liquor. It is a second appeal, judgment in the former conviction having been reversed in an opinion reported in 200 Ky. 290.

The evidence for the Commonwealth on the second trial was not so strong as it was on the first, as its principal witness did not testify. There was testimony introduced over the strenuous objection of defendant that whiskey was found in defendant's house on a search without a warrant. After admitting that evidence the court excluded it. It appears that the same course was taken on the former trial, and that this court held the evidence inadmissible. Further evidence related to what occurred at the time of the search; the officers testified that they arrested two negroes on the road in front of appellant's house, each of whom had a gallon of whiskey.

It is also shown, over defendant's objection, that the revenue agent poured out and destroyed a five-gallon keg of whiskey in front of appellant's house. While the court excluded the evidence of the search of the residence, the keg of liquor destroyed by the officers which was pro-

cured in the search, and the evidence of its destruction was not excluded.

There was also evidence that the defendant had pleaded guilty to a similar charge in the federal court, involving the same transaction, and that his reputation for violations of the prohibition law was bad. It will thus be seen that the competent evidence in the second trial was quite meager, but the negroes were found with the liquor on the road near his residence, and this, together with his plea in the federal court, and the evidence of bad reputation, constituted sufficient evidence to submit the case to the jury.

It is indeed strange that the lower court permitted the evidence in relation to the search of defendant's residence and the finding of the keg of liquor therein and the destruction thereof, to be introduced on the second trial, after both the lower court and this court had ruled such evidence inadmissible on the first trial.

Further, if the evidence as to finding the keg of whiskey was inadmissible, the same rule applied to its destruction at the time and place. If improper evidence is admitted it should be excluded by the court, and ordinarily the adverse party is not prejudiced thereby, as the jury will be presumed not to consider excluded evidence. But a different state of facts is here presented. No connection is shown between the negroes and defendant, and no liquor could properly be considered by the jury, except that taken from them, and if only this evidence, together with defendant's plea in the federal court and his reputation had been considered, the jury might have entertained a reasonable doubt of his guilt, but when it was shown that defendant's house was searched in that action; that a keg of liquor was found therein and destroyed by the officers, and that he pleaded guilty to having possession of such liquor, a different case was presented, and the impression thus formed was not removed by the action of the court in excluding from the jury the fact that the liquor was discovered in the search. The destruction of the keg of liquor was still for their consideration, and the plea in the federal court referred to it, and this was prejudicial to defendant's rights.

On the former trial the jurors were confused as to what facts would constitute possession and inquired of the court in reference thereto. This court held that in view of the situation the court should have instructed them as requested, but no such situation developed on the

second trial, and we do not think the court erred in failing to define the meaning of possession.

For the reasons indicated above, the judgment is reversed and cause remanded for proceedings consistent with this opinion.