## Thornsburry v. Commonwealth.

(Decided January 20, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—In Prosecution for Manufacture, Evidence of Defendant's Possession of Still Held Admissible.—In prosecution for manufacture, evidence of defendant's prior possession of still held admissible.
2. Criminal Law.—In Prosecution for Manufacture of Liquor, Evidence that Defendant had Pleaded .Guilty to Possessing Still Held Admissible.—In prosecution for manufacture of liquor, evidence that defendant had previously pleaded guilty in federal court to offense of possessing illicit still held competent.
3. Intoxicating Liquors—Evidence Held to Sustain Conviction for Manufacture.—Evidence held to sustain conviction for manufacture.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On this appeal Frank Thornsburry complains of his conviction upon the charge of manufacturing intoxicating liquor, the grounds relied upon being the admission of incompetent evidence, and that the verdict is not sustained by the evidence.

The facts are: The sheriff of Pike county and a federal revenue officer without a search warrant found an illicit still in an open field on appellant's farm over one-half mile from his residence.  A path led from the still to a point about 300 yards from the residence, where it forked.  The still was in a sink hole and covered up, but there was evidence of wood having been chopped around it and of its operation at that place about 30 days previously.

Upon making this discovery the officers went to the home of appellant and arrested him. He was carried before the federal court and pleaded guilty to the offense of having an illicit still in his possession.

The evidence as to the finding of the still is clearly admissible. Brent v. Com., 194 Ky. 504; Cotton v. Com., 200 Ky. 349; Richardson v. Com., 205 Ky. 434.

Also the evidence of defendant's plea in the federal court is competent. Addington v. Com., 200 Ky. 290.

As to the sufficiency of the evidence to support the verdict, we have seen that the illicit still was on appellant's farm; that it had been operated at that place a short time before; that a path led from it in the direction of appellant's residence, and that appellant had pleaded guilty to having it in his possession. From these facts the jury might infer that he was the one in charge of its operation.

While perhaps different conclusions might be reached from this evidence, it authorized the court to submit the case to the jury and we are not prepared to say that their verdict strikes one at first blush as being the result of passion or prejudice. It follows that the verdict should be upheld.

Perceiving no error, the judgment is affirmed.