## DAVIS *v.* STATE.

### Opinion delivered February 23, 1925.

1.  INTOXICATING LIQUOR—POSSESSION OF STILL—EVIDENCE.—Evidence *held* to warrant conviction of possessing a still, in violation of Acts of 1921, p. 372.

2.  CRIMINAL LAW—HARMLESS ERROR.—In a prosecution for manufacturing liquor and for possessing a still, an instruction authorizing a conviction if defendant aided and abetted another in manufacturing liquor was neither abstract nor prejudicial where defendant was acquitted of manufacturing liquor and convicted only of possessing same.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; affirmed

*E. E. Alexander* and *Wils Davis,* for appellant.

*H. W. Applegate,* Attorney General and *Darden Moose,* Assistant, for appellee.

SMITH, J.    Three indictments were returned against appellant, one charging him with manufacturing liquor, the second with making mash, and the third with possessing a still.    With his consent he was placed upon trial on all three charges, and was convicted upon the charge of possessing a still, and was acquitted upon the other two charges.

For the reversal of the judgment pronounced upon the jury's verdict, appellant insists (1), that the evidence does not sustain the verdict, and (2), that the court erred in giving an instruction numbered 4 to the jury.

Upon the first assignment of error it may be said that the testimony on the part of the State was to the following effect:    The husband of a Mrs. Williams had been convicted of manufacturing liquor, and had been sent to the penitentiary.    He left in his wife's possession the still which he had used for manufacturing the liquor.    Mrs. Williams was left in destitute circumstances, with the care of four children, one of whom was blind.    Appellant moved Mrs. Williams to a house on his farm about fifteen feet back of the house in which he himself resided.    The still was moved along with Mrs. Williams' other effects, although it was not shown certainly that appellant was aware of that fact at the time it was moved.

Officers of the law searched the house in which Mrs. Williams lived, and they found the still set up and in operation, and some white whiskey dripping from it. A quantity of mash from which whiskey was made was found, and the officers found in appellant's home four gallons of whiskey in a tin bucket and about a gallon in some beer bottles and fruit jars.    Appellant was drunk at the time, and told the officers that the outfit belonged to him.

At his trial appellant denied that he owned the still, and testified that it belonged to Mrs. Williams. He admitted, however, that he knew of the presence of the still, and that it was being operated and that he was drunk when arrested from drinking the whiskey distilled on his premises.

Mrs. Williams had been released by the officers when appellant admitted the ownership of the still, and she had left the county and did not appear as a witness.

We think this testimony so connects appellant with this still and its operation that the jury was warranted in finding that he had possession of it within the inhibition of act 324 of the Acts of 1921, page 372, which prohibits any person from having a still in his possession. *Ring* v. *State,* 154 Ark. 250.

The instruction which appellant insists is error calling for the reversal of the judgment reads as follows: "The defendant here, in addition to the general plea of not guilty, has interposed a special defense here to the extent of claiming that he did not manufacture this liquor, but that another party did, and for that reason he is not guilty. On that proposition you are instructed, gentlemen, that, if you find from the proof in this case, beyond a reasonable doubt, that this woman, Mrs. Williams, manufactured liquor, and that the defendant was present while she was manufacturing the said liquor, and aiding or abetting, aided or abetted, or ready and consenting to aid and abet in the making of this liquor, then this defendant would be as guilty as Mrs. Williams; but the mere knowledge of the fact that she was making liquor, if he was not in fact present at the time Mrs. Williams was making liquor, would not be a violation of the law in this trial. And so, if you find from the proof that Mrs. Williams made the liquor, and that this defendant was not present while she was doing so, your verdict should be one of not guilty. But if you find she did in fact make the liquor and this defendant was present aiding, assisting, and abetting, or was present ready and willing to aid, assist, and abet, then your

verdict should be one of guilty, and his punishment fixed at one year in the State Penitentiary.''

The argument is that one could not aid and abet another to possess an article. Whether this be true or not, it suffices to say that appellant was on trial for the crime of making whiskey as well as for possessing a still, and one could aid and abet another in that act, so the instruction was not abstract. It is obvious that this instruction dealt with the charge of manufacturing liquor, and this instruction was appropriate and proper on that subject, and could not have been prejudicial, because appellant was acquitted of the charge to which it related.

No error appears, so the judgment is affirmed.