## LACEFIELD v. STATE.

Opinion delivered July 5, 1926.

1. INTOXICATING LIQUORS—POSSESSION OF STILL.—In a prosecution for having a still, its ownership is immaterial if in fact the accused was operating it.

2. INTOXICATING LIQUORS—POSSESSION OF STILL.—In a prosecution for having a still, an instruction defining possession as the right to control or manage the still or some sort of ownership therein, and requiring the State to prove same beyond a reasonable doubt, *held* favorable to the accused.

3. CRIMINAL LAW—HEARSAY EVIDENCE.—In a prosecution for possessing a still, testimony of officers who arrested accused that they had suspected some one else who, they had been informed, was owner and operator of the still, *held* properly excluded as hearsay.

4. INTOXICATING LIQUORS—POSSESSING STILL—EVIDENCE.—Evidence *held* to sustain conviction for possession of a still.

Appeal from Pike Circuit Court; *B. E. Isbell*, Judge; affirmed.

*H. W. Applegate*, Attorney General, and *J. S. Abercrombie*, Assistant, for appellee.

SMITH, J. Appellant was indicted for having a still and stillworm in his possession without having the same registered, was convicted, and has appealed.

There is but little to discuss on the appeal. Three witnesses testified that they located the still, and, a few days later, they surrounded it very early in the morning. They saw appellant with an armful of wood, with which he built a fire in the furnace of the still. Appellant was alone at the time. After starting the fire, appellant walked off some little distance and brought something back, and sat down in front of the fire. Some mash, which had been in a barrel when the witness first discovered the still, had been poured into the still. Appellant was arrested, and, after his arrest, was asked if he knew of any one else interested in the still, and he answered that he did not.

Appellant admitted having been found at the still, but denied having any knowledge about it or anything to do with it. He testified that he happened to be at the still that morning, as he was going hunting, and that he stopped and lit a torch to light himself through the woods, when he discovered the still, and stopped to look at it, but did not start a fire in the furnace.

The court submitted to the jury the question whether appellant was in possession of the still, and the jury was told that mere presence at the still as a spectator would not warrant a conviction.

The court gave, at appellant's request, an instruction numbered 9, reading as follows: "The court instructs the jury that the word 'possession' means the right to control or manage the still, or some sort of ownership therein, and, unless the jury finds from the testimony in the case, beyond a reasonable doubt, that the defendant in this case did own the still or some interest therein, or that he had a right to control or manage the same, you will find him not guilty, and the burden of proving such right of possession or control rests upon the State."

This instruction was as favorable to appellant as he could ask an instruction to be. The ownership of the still was immaterial if in fact appellant was operating it. The operation of the still was itself an act of possession sufficient to sustain the conviction. The State was not required to show that appellant was the owner or was rightfully in possession. If he assumed control of the still, and put it to the use for which it was intended—that of making intoxicating liquors—this was such an act of possession as constituted a violation of the law against possessing a still.

Defendant's counsel asked the officers if they had suspected appellant of being in possession of the still before arresting him, and they answered that they had not. The witnesses were then asked whom they suspected, and the court sustained an objection to this question. Appellant's counsel then asked the witnesses if they did not have information that another person, whose name the appellant's counsel asked the witnesses to state, was the owner and operator of the still, and objections were sustained to these questions.

There was no error in these rulings. The testimony was hearsay, and incompetent for that reason. Moreover, as we have said, the ownership of the still was unimportant, as was also the complicity of some other person, if appellant was in possession of the still, operating it as such.

In the case of *McGuffin* v. *State,* 156 Ark. 392, the accused was charged, as is the appellant here, with the offense of having possession of a still without registering it. McGuffin and another man were found making whiskey with the still, and we said this testimony was sufficient to support the verdict of guilty returned by the jury. See also *Ring* v. *State,* 154 Ark. 250, 242 S. W. 56; *Wright* v. *State,* 155 Ark. 169, 244 S. W. 12; *Goodwin* v. *State,* 161 Ark. 266, 255 S. W. 1095.

Appellant requested instructions on the subject of reasonable doubt, which the court refused to give, but the

instructions given fully and correctly declared the law of this subject.

The testimony is sufficient to support the verdict, and, as no error appears, the judgment is affirmed.