## VINCENT v. STATE.

Opinion delivered September 27, 1926.

1. INTOXICATING LIQUORS—POSSESSING STILL—EVIDENCE.—Evidence *held* to sustain conviction of possessing an unregistered still, in violation of Acts 1921, p. 372.

2. INTOXICATING LIQUORS—POSSESSION OF STILL—INSTRUCTION.—An instruction asked by defendant that the mere fact that accused was found asleep at a distillery would not sustain a conviction of possessing a still, and that it was necessary for the State to show that defendant was owner or in possession of the still, *held*

properly modified by adding that defendant would be guilty if
he was exercising control and dominion over the still.

3. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—
An instruction that, before defendant could be convicted of pos-
sessing a still, all facts and circumstances, when taken together,
must be inconsistent with any reasonable hypothesis except that
he was guilty, *held* properly refused, where conviction did not
rest on circumstantial evidence alone.

4. CRIMINAL LAW—INSTRUCTIONS—APPLICATION TO CASE.—Refusal
of defendant's requested instruction that his admissions to offi-
cers must have been voluntary was not error where there was
no evidence that they were not voluntary.

Appeal from Clay Circuit Court, Eastern District;
*W. W. Bandy,* Judge; affirmed.

*Gautney & Dudley,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden
Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted for the
statutory offense of keeping in his possession an unreg-
istered still (Acts 1921, p. 372), and on the trial of the
cause he was convicted and sentenced to the penitentiary.
An appeal has been duly prosecuted to this court, and
the principal contention is that the evidence adduced at
the trial was not sufficient to sustain the verdict of con-
viction.

Three witnesses were introduced by the State, one
of whom was an officer, and the other two were citizens
who accompanied the officer. These witnesses testified
that they went out in search of a whiskey distillery which
was reported to be in operation about eight miles dis-
tant from the town of Rector, in Clay County, and that,
about eleven o'clock at night, they found the distillery,
and found appellant there, alone and asleep, with his
head resting on a sack of sugar. They testified that,
when they awakened appellant from his sleep, he admitted
that he was operating the still, and had been doing so for
five or six years, and that he had purchased the still-
worm from a man named Lancaster, paying forty dollars
therefor. Appellant also told the men, according to
their testimony, that he had made a run of whiskey that

afternoon about three or four o'clock, and showed them some of the whiskey that he had manufactured.

Appellant testified in his own behalf, and admitted that he was asleep at the distillery, as testified to by the State's witnesses, but he claimed that he had nothing to do with the still, and merely went there to get some whiskey, and that the man in charge of the distillery gave him whiskey, which he drank, and became intoxicated. He denied that he made any statement to the officers admitting that he had operated the still or purchased the worm, or had anything to do with the operation of the still.

The evidence seems to be abundantly sufficient to sustain the verdict. The presence of appellant at the distillery and his admissions that he had purchased the worm and had been operating the distillery afforded evidence sufficient to sustain the conviction.

There are assignments of error with reference to the rulings of the court in denying some of appellant's requests for instructions.

Instruction No. 4, requested by appellant, was, in substance, that the mere fact that the accused was found asleep at the distillery would not be sufficient to sustain a conviction, and that it was "necessary for the State to show by the evidence, beyond a reasonable doubt, that the defendant was the owner or in possession of the still." The court modified this instruction by an addition which stated, in substance, that the length of time the still was kept in possession was not material, but that the defendant would be guilty if it was shown that he was "exercising control and dominion over the still, or stillworm, at the time testified to by the prosecuting witnesses." The modification was not improper, and the instruction, taken as a whole, correctly stated the law on the subject.

The court refused to give requested instruction No. 5, stating, in substance, that, before there could be a conviction on the charge of possessing a still, "all of the facts and circumstances, when taken together, must be inconsistent with any reasonable hypothesis except that he is guilty." The conviction did not rest on circum-

stantial evidence alone, and for this reason, if for no other, the instruction was erroneous. *Bartlett* v. *State,* 140 Ark. 553.

In requesting instruction No. 6, appellant's counsel sought to have the jury told that the admissions of appellant to the officers must have been free and voluntary in order to be admissible as evidence. There was no question about the alleged admissions being voluntary. The officers testified that appellant voluntarily made the statements, and appellant denied that he made the statements at all. There was nothing tending to show that the admissions made, as claimed by the officers, were not voluntary.

There is no error in the record, and the judgment is therefore affirmed.