FRANCIS *v.* STATE.

Opinion delivered May 28, 1928.

R. W. *Huie, Jr.,* for appellant.

H. W. *Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

KIRBY, J.   These appeals are from judgments of conviction of appellant for possessing a still and manufacturing whiskey.   These cases are consolidated here.

It is insisted for reversal that the testimony is insufficient to support the judgment, and that the court erred in compelling appellant to go to trial in the absence of his witnesses.

The testimony shows that the sheriff and his posse had come out to where this still was situated, and found it in operation on the day in question, the appellant being present in and about the still, and pouring water from the branch on the stillworm in the trough.   He had on overalls, and was smutty and greasy, as though he had been working about it.   Two empty kegs were found in his car.

He testified that he was a farmer, lived 20 miles away, and had come down to the still to get some whiskey. Accounted for his appearance by saying that he had had trouble with his car before arriving, and had put on his overalls and fixed it, getting grease and dirt on his clothing.

It is argued that a list of his witnesses had been given to the sheriff, but they had not been subpoenaed and were not present at the trial, and that he would have been able to show by them that he did not own the still or have it in possession.

The record does not show that he objected to going to trial, nor did he make a motion for continuance because of the absence of his witnesses, and, such being the case, he is not in position to complain about the matter here. *Brown* v. *State,* 169 Ark. 324, 274 S. W. 1.

The testimony is meager as to his ownership or possession of the still, but he was present while the still was in operation, was pouring water on the worm and assisting in the manufacture of liquor that was being run at the time, and there was a quantity of mash on hand and enough operatives assisting to complete the manufacture of the mash into whiskey.

The testimony is sufficient to support the verdict, and the judgment in each case is affirmed.