COE *v.* STATE.

Opinion delivered April 8, 1929.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J.  Fletcher Coe has appealed from a judgment of conviction against him for the statutory crime of keeping in his possession an unregistered still.

The first assignment of error is that the evidence is not legally sufficient to warrant the verdict.  According to the evidence for the State, the sheriff and his posse, upon information, located a copper still in Miller County, Arkansas, about three o'clock in the morning, during the latter part of October, 1927.  The still was complete and ready for operation, but no one was at it.  The officers hid, and remained near the still until after daylight. They saw the defendant and  Fred Lolla approaching, with a horse upon which were two sacks of chops and a sack of sugar.  Several barrels of mash were already at the still.  They filled up the copper pot with mash, and lighted the gasoline burner with which the still was operated.  After they had been working around the still for about forty-five minutes, the officers arrested the defendant and Lolla.  Whiskey was running out of the still at the time.  The defendant and his companion claimed that they were out hunting cows, and came upon the still by chance, and so testified at the trial.  The evidence for the State, if believed by the jury, was legally sufficient to warrant a verdict of guilty.  *Lacefield* v. *State,* 171 Ark. 655, 286 S. W. 818; *Conley* v. *State,* 176 Ark. 654, 3 S. W. (2d) 980; *Miller and Gregson* v. *State,* 171 Ark. 756, 286 S. W. 949; *Vincent* v. *State,* 171 Ark. 759, 286 S. W. 944; and *Francis* v. *State,* 177 Ark. 401, 7 S. W. (2d) 769.

The next assignment of error is that the court erred in refusing to instruct the jury that the testimony given against the defendant "must be of such a character as to exclude every reasonable hypothesis save his guilt." The conviction did not rest upon circumstantial evi-

dence. The testimony of the witnesses for the State was direct and positive as to the matters they saw. Hence the instruction requested was not predicated upon any facts proved at the trial, and the court properly refused to give it. *Vincent* v. *State,* 171 Ark. 759, 286 S. W. 944.

The next assignment of error is that the court refused to give an instruction asked by the defendant, to the effect that the mere presence of the defendant at the still should not be considered against him, unless other testimony connected him with the possession of the still. It was the theory of the defendant that he was out hunting cows, and came upon the still by chance, and did not have or keep it in his possession in violation of the statute. The court instructed the jury that, if it should find that the defendant was at the still by chance, and had nothing to do with the operation or use of it, he would not be guilty. It was not error to refuse the instruction asked by the defendant when the same subject was covered by an instruction given by the court. *Rosslot* v. *State,* 162 Ark. 241, 258 S. W. 348; and *Burns* v. *State, ante,* p. 1.

We find no reversible error in the record, and the judgment must be affirmed.