LOLLA *v.* STATE.

Opinion delivered April 8, 1929.

*J. D. Cook,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

SMITH, J. This appeal is from a judgment sentencing appellant to a term in the penitentiary for unlawfully possessing a still. For the reversal of this judgment it is insisted that the testimony is not legally sufficient to sustain the conviction; that the court erred in refusing to give certain instructions and in permitting the prosecuting attorney to make an improper and prejudicial argument.

As to the sufficiency of the testimony, it may be said that four officers testified that they were searching for a still, which they found about daylight. After finding the still, they watched until about nine A. M., when appellant and another man were seen coming to the still, leading a horse laden with sacks, which were later found to contain chops and sugar. Near the still were tubs, buckets and other equipment used in operating a still, and several barrels of mash ready to run were found. When the men arrived they began to carry water to the still and to fill the still with mash. There was a gasoline burner under the still, which they lighted, and began to cook the whiskey. After watching these operations for about forty-five minutes, they arrested the men, who made a futile attempt to escape. This testimony sufficiently supports the finding that appellant was in possession of the still. *Conley* v. *State,* 176 Ark. 654, 3 S. W. (2d) 980; *Vincent* v. *State,* 171 Ark. 759, 286 S. W. 944; *Miller and Gregson* v. *State,* 171 Ark. 756, 286 S. W.

949; *Lacefield* v. *State*, 171 Ark. 655, 286 S. W. 818: *Day* v. *State*, 170 Ark. 786, 281 S. W. 11; *Davis* v. *State*, 167 Ark. 472, 268 S. W. 853; *Goodwin* v. *State*, 161 Ark. 266, 255 S. W. 1095; *McGuffin* v. *State*, 156 Ark. 392, 246 S. W. 478; *Wright* v. *State*, 155 Ark. 169, 244 S. W. 12; *Ring* v. *State*, 154 Ark. 250, 242 S. W. 561; *Francis* v. *State*, 177 Ark. 431, 7 S. W. (2d) 769; *Coe* v. *State, ante*, p. 344.

Appellant requested an instruction numbered 3, which the court refused to give, reading as follows:

"You are told that the State in this case depends upon circumstantial evidence for the conviction of the defendant, and in such cases you are told that the testimony given against the defendant must be of such a character as to exclude every reasonable hypothesis save his guilt, and you are further told that, if it is as reasonable that the offense charged could have as well been committed by another as by the defendant, you should find the reasonable doubt in favor of the defendant, and acquit him."

No error was committed in refusing to give this instruction, as the State did not depend upon circumstantial evidence, and the jury was correctly charged as to the necessity of finding appellant guilty beyond a reasonable doubt before convicting him.

When appellant took the stand as a witness in his own behalf he was asked, on his cross-examination, if he had not entered a plea of guilty in the Federal court to an indictment based on his arrest as set out above, and he admitted that he had entered such a plea, and was given a sentence under which he had served a term of five months and five days in prison. The prosecuting attorney, in his argument to the jury, referred to this testimony, and the court, upon objection being made thereto, admonished the jury that the testimony could be considered only in passing on the credibility of appellant as a witness, and not as evidence of his guilt. The record is in some confusion, and counsel for appellant apparently acquiesced in this ruling. But, whether he did

or not, no error was committed in the ruling made. Indeed, it was more favorable to appellant than he had a right to ask. The testimony of appellant touching his plea of guilty in the Federal court on the same charge was a circumstance which the jury had the right to consider, not only as affecting his credibility as a witness but also as a circumstance tending to show his guilt of the offense here charged. His plea of guilty was in the nature of a declaration against interest, and was admissible as such. Of course, he had the right to offer any explanation of this plea, just as he would to explain any other declaration against his interest tending to show his guilt of the offense charged against him. Any statement made by appellant in entering this plea would have been admissible against him, just as any other oral admission made elsewhere would have been.

In the case of *McCarty* v. *Commonwealth,* 254 S. W. 887, the Court of Appeals of Kentucky said: "That a plea of guilty in another case involving the same facts is competent evidence against a defendant in a criminal case, is generally recognized (16 C. J. 630), and this court so held in *Ehrlich* v. *Commonwealth,* 125 Ky. 742, 102 S. W. 289, 31 Ky. Law Rep. 401, 10 L. R. A. (N. S.) 995, 128 Am. St. Rep. 69." See also *Addington* v. *Commonwealth,* 254 S. W. 889; *Thornsbury* v. *Commonwealth,* 268 S. W. 342; *Bibb* v. *State,* 83 Ala. 84, 3 Sou. 711; *Commonwealth* v. *Callahan,* 108 Mass. 421.

Certain other assignments of error are argued, but they do not appear to require discussion, and, as no error appears, the judgment must be affirmed, and it is so ordered.