## Phil BUCK *v.* Bobby STEEL, Circuit Court Judge

CR 77-224 · 564 S.W. 2d 215

### Opinion delivered April 17, 1978
### (In Banc)

*Philip M. Clay,* for petitioner.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. We granted a temporary writ of prohibition to the petitioner, Phil Buck, to prevent the Circuit Court of Pike County from proceeding further in his criminal case until we could examine his argument in depth. We find that the writ should not be made permanent.

In October of 1977, Buck was charged by information with violation of Ark. Stat. Ann. §§ 41-3578 and 41-3580 in

that he knowingly exhibited an obscene film to members of the Glenwood High School football team.

Buck in his petition to us states that these statutes he was charged with violating were repealed by Act 464 of 1977 and, therefore, the lower court should be prohibited from proceeding in this case.

Act 464 of 1977 is an attempt by the General Assembly to define and regulate obscenity on a statewide basis. It defines in detail what is obscene material and what conduct is prohibited. Act 464 prohibits the showing of an obscene film for compensation but does not prohibit such a showing which is free.

Ark. Stat. Ann. §§ 41-3578, et seq. (Crim. Code 1976) provide that it is unlawful for any person to knowingly exhibit any obscene film — whether there is any compensation is irrelevant; the offense is a felony with a penalty of not more than $2,000 or imprisonment from one to five years, or both. However, violation of Act 464 is only a misdemeanor.

Act 464 of 1977 does not expressly repeal these statutes. We have consistently held that repeals by implication are not favored. *Mears* v. *City of Little Rock*, 256 Ark. 359, 508 S.W. 2d 750 (1974); *Selig* v. *Powell*, 253 Ark. 555, 489 S.W. 2d 484 (1972). Furthermore, we have held that acts dealing with the same subject matter should be construed together, if possible, so that meaning may be given to both acts. See *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W. 2d 570 (1969).

Considering the two acts side by side we cannot say they are in direct conflict. One act prohibits the public or private showing of obscene material for compensation. The other act extends this prohibition to anyone who exhibits obscene material free or without charge or compensation.

Perhaps the most convincing bit of evidence that the legislature did not intend to repeal these statutes is the fact that the act, before it was adopted, expressly provided that Act 411 of 1967, Ark. Stat. Ann. §§ 41-3578 through 41-3580 would be repealed. This provision was later deleted from the final act as approved by the legislature. In other words, the

legislature expressly chose not to repeal the statutes Buck is charged with violating.

Since it is our decision that Act 464 of 1977 does not repeal Act 411 of 1967, we decline to grant the writ of prohibition.

Writ denied.

HOWARD, J., concurs.

BYRD, J., dissents.

GEORGE HOWARD, JR., Justice, concurring. I concur in the results of the Court inasmuch as it is my belief that the issue raised in this Court can be raised and adjudicated in the trial court.