Charles K. SMITH *v.* STATE of Arkansas

CR 77-128                                   555 S.W. 2d 569

Opinion delivered September 26, 1977
(Division I)

*Shaver, Shaver & Smith,* by: *Tom B. Smith,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Charles K. Smith was convicted of possession of marijuana with intent to deliver and sentenced to three years imprisonment.

We affirmed Smith's conviction and the U.S. Supreme Court denied his petition for certiorari. *Smith* v. *State,* 258 Ark. 601, 528 S.W. 2d 389 (1975), *cert. denied,* 425 U.S. 912 (1976).

The only question in this appeal is can a circuit court change a sentence from imprisonment to probation after final appellate review. The answer is no. The circuit court has no such jurisdiction or authority.

After Smith had appealed his conviction without success, he filed a petition in the lower court asking the judge to change his sentence from imprisonment to one of probation for three years. The same judge that sentenced Smith heard arguments and decided that Smith should be placed on probation. However, before a formal order was entered the judge died. His successor, upon motion of the prosecuting attorney, reviewed the file and decided that the circuit court had no jurisdiction to change the punishment and signed an order to that effect. Smith appeals from that order. We agree that the circuit court loses jurisdiction to change or alter a sentence under these circumstances. *Mitchell* v. *State,* 232 Ark. 371, 337 S.W. 2d 663 (1960).

There are exceptional circumstances that may give rise to a lower court regaining jurisdiction of a case that has been decided on appeal. For example, our rules of criminal procedure permit a new hearing before the trial court under certain circumstances and upon proper allegations. Rules of Crim. Proc., Rule 37 (1976).

Smith's petition raises no legal grounds for relief. His plea is simply one of clemency. That plea will have to be made to the executive branch of government which, under our constitution, has the sole authority to grant such relief to a deserving individual. Ark. Const., Art. 6, § 18.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.