STATE of Arkansas *v.* Gary Lee BROWN

CR 78-164

**Substituted Opinion on Denial of Rehearing
delivered March 19, 1979
(Division II)**

42

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee and cross-appellant.

*Pearce & Robinson,* for appellant and cross-appellee.

DARRELL HICKMAN, Justice. Gary Lee Brown was convicted of selling an obscene film in violation of Ark. Stat. Ann. § 41-3578, *et sequentes* (Repl. 1977), and fined $1,000,00.

Brown appeals alleging he was improperly charged with a violation of that statute which was repealed by Act 464 of 1977 (Ark. Stat. Ann. § 41-3501, *et seq.*). We agree with Brown's argument in this regard.

The State on cross-appeal alleges the trial court improperly instructed the jury. We also agree with this argument. The State properly perfected its appeal by lodging the record within 60 days after filing a notice of appeal as required by Rules of Crim. Proc., Rule 36.10 (1977).

There is no contention that the film that Brown sold was not obscene. The argument is whether the statute Brown was charged with violating was repealed by a comprehensive obscenity law enacted in 1977.

The General Assembly, by Act 464 of 1977, passed legislation titled, "An Act to Establish a Comprehensive Obscenity Law for the State of Arkansas." Part of the prohibited conduct in that Act relates to the sale of obscene material. Section 2, Subsection (8), provides:

> "Promote" means to produce, direct, perform in, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, publish, distribute, circulate, dis-

seminate, present, exhibit, or advertise, for consideration, or to offer or agree to do any of these things for consideration.

Violation of Act 464 is a class B misdemeanor for which the punishment is a fine not to exceed $500.00 or a sentence not to exceed 90 days.

The statute Brown was charged with violating reads:

. . . It shall be unlawful for any person knowingly to exhibit, sell, offer to sell, give away, circulate, produce, distribute, attempt to distribute or have in his or her possession any obscene film.

Violation of this law is a felony and is punishable by a fine not to exceed $2,000.00 or imprisonment for not less than one, nor more than five years, or both. Ark. Stat. Ann. §§ 41-3578 and 41-3580.

Clearly both laws prohibit one from selling an obscene film and cannot be reconciled. Since Act 464, which includes a repealing clause which repeals all laws or parts of laws in conflict therewith, was passed after the statute under which Brown was convicted, it repeals that part of Ark. Stat. Ann. § 41-3578 which deals with selling obscene films.

We recently held that Act 464 of 1977 did not repeal that portion of these statutes (Ark. Stat. Ann. § 41-3578, *et seq.*) which might relate to showing an obscene film where there was no consideration paid. *Buck* v. *Steel, Judge,* 263 Ark. 249, 564 S.W. 2d 215 (1978). Act 464, as we have referred to herein, prohibits promotion only where consideration is involved. The Arkansas statute, which Brown is accused of violating, does not mention consideration.

Consequently, Brown was improperly charged and convicted, and, therefore, the judgment is reversed and dismissed.

The State argues in its cross-appeal that the trial judge improperly instructed the jury regarding knowledge. Both

the State and Brown offered instructions on "knowingly", that is, the knowledge that one must have to be guilty of violating the law. The trial court rejected both offered instructions and instead gave an instruction based on knowledge contained in Ark. Stat. Ann. § 41-203(2) (Repl. 1977). That instruction is as follows:

> A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

The State argues this was error, not only because of the content of the instruction, but because this definition of "knowingly" is to be used only in connection with the criminal code, Ark. Stat. Ann. § 41-203 (Repl. 1977). Instead, the State offered this instruction:

> The Defendant is charged with knowingly selling an obscene film. The State must prove beyond a reasonable doubt that the Defendant had knowledge of the film in issue. It is not necessary that Defendant be shown to have actually seen the film, but only that the Defendant knew the nature and character of the film. It does not matter that the Defendant did not believe the film was obscene. If the Defendant knew the nature and character of the film, *that is, knew that it was sexually explicit and contained descriptions or depictions of sexual conduct,* then the requirement of knowledge would be satisfied. [Emphasis added.]

This instruction was improper because the emphasized language could be misleading to a jury. It might leave the implication with the jury that the matter would not have to be obscene.

The State offered another instruction as an alternative instruction based on knowledge as defined in Ark. Stat. Ann. § 41-3581(g). That instruction, taken almost *verbatim* from the statute, would have been the proper instruction to be

given by the court. The reason it should have been given is because this definition of "knowledge" was to be applied to prosecutions for violation of Ark. Stat. Ann. § 41-3578.

This was a pre-criminal code prosecution and since there could be others for this same offense, we have attempted to clarify the situation for the correct and uniform administration of criminal law.

Reversed and dismissed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.