Billy L. WOOD *v.* STATE of Arkansas

CR 82-75                                          635 S.W.2d 224

Supreme Court of Arkansas
Opinion delivered June 21, 1982

*Benny E. Swindell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Following a trial by jury, appellant, Billy Wood, was convicted of rape and sentenced to 20 years in the Arkansas Department of Correction. On appeal, we affirm.

The victim was hitchhiking from Clarksville to her home near Salus when she was picked up by appellant and his nephew. Instead of taking her home, appellant turned off the highway on to a dirt road and stopped. Appellant told his nephew to get out and go behind the car. He threatened the victim with a knife, made her get out of the car, and raped her. He then instructed his nephew to return to the car and both men drove away, leaving the victim partially dressed on the road. She walked about four miles before neighbors gave her a ride home, and one of them testified that she appeared nervous and upset.

Upon arriving home she told her husband that she had been raped. They agreed not to report the incident to the police because they were new to the community and were afraid the police would not believe them. Over two years later the husband threatened to kill appellant after learning

that he was the rapist. During the investigation of the husband's threat on appellant's life, the victim reported the rape. The police then questioned appellant who, at first, denied any knowledge of the rape; later, at trial, his defense was that of consent.

Appellant argues that the trial court erred in refusing to give the following instruction:

> You are instructed that if you find from the evidence that Deborah Kersen failed to make complaint immediately after the alleged commission of the offense, you may consider this in determining whether she gave her consent or not.

Appellant relies on *Jackson* v. *State*, 92 Ark. 71, 122 S.W. 101 (1909), where we held that it was error to refuse to give this evidentiary instruction. However, as explained in AMCI 200, Comment, most evidentiary instructions of this nature are no longer appropriate because under our Uniform Rules of Evidence the weight to be given the evidence is a matter for counsel to argue and for the jury to decide, once the trial court has determined that such evidence is admissible. *See also Hall* v. *State*, 276 Ark. 245, 634 S.W.2d 115 (1982). Here, the jury was properly instructed on the applicable law of rape by the giving of AMCI 1803.

Appellant argues that the trial court erred in repeating, at the jury's request, the definition of "forcible compulsion" without repeating all the other instructions. The jury had returned to the courtroom, unable to reach a verdict, when the following exchange took place:

A JUROR:

> And, we'd like the definition of what the law says what rape is.

THE COURT:

> The definition of rape?

THE JUROR:

Forcible rape.

. . . .

THE COURT:

All right. The definition that I gave you with reference to rape — and you want the forcible compulsion part of it, I take it. Is this right? You want the definition of what forcible compulsion is?

THE FOREMAN:

Yes.

The judge then read them the AMCI definition of "forcible compulsion" but did not reread any of the other instructions or give the jury a cautionary instruction.

It is within the province of the presiding judge to recall the jury and given them further instructions when, in the exercise of a proper discretion, it is necessary to do so in the furtherance of justice. *Harrison* v. *State*, 200 Ark. 257, 138 S.W.2d 785 (1940). It is not always necessary in such cases that he should repeat the whole charge. *Harrison* v. *State, supra.*

We have held that instructions must be taken as an entirety and one instruction should not be emphasized more than any other. *St. Louis, Iron Mountain and Southern Railway Company* v. *Reed,* 88 Ark. 458, 115 S.W. 150 (1908). It is only when the jury fails to understand a certain one, and does understand the others, that one should be read over to them without reading the others. *St. Louis, Iron Mountain and Southern Railway Company* v. *Reed, supra.* Here, the rereading of the definition of "forcible compulsion" did not unduly emphasize one instruction at the expense of the others, and it is clear from the record that the jury wanted that particular instruction repeated.

Appellant also argues that the trial court should have cautioned the jury that the instruction on "forcible compulsion" was only part of the case; however, appellant did not request such a cautionary instruction at that time. Under these circumstances, it was not error for the trial court to reread the portion of the instructions specifically requested by the jury without giving a cautionary instruction.

Appellant argues that the trial court erred in refusing to order the prosecutor to provide appellant with the victim's statement prior to trial. Appellant made a motion for disclosure of the statement but the record does not reflect whether appellant's motion was ever brought to the attention of the trial court, nor is there any indication that the court ever ruled on it. It is incumbent upon the moving party to obtain a ruling on an issue or motion in order to preserve it for appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.