Edward Lewis WALKER *v.* STATE of Arkansas

CR 83-51                                    655 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*Holmes, Holmes & Trafford,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellant was convicted of three counts of forgery in the second degree and one count of theft of property. The Jefferson County Circuit Court sentenced him as a habitual offender to 20 years on the first count of forgery, 10 years on the second count, 20 years on the third count, and 10 years for theft of property. The sentences were to run consecutively. On appeal from this conviction we affirm.

The testimony at trial reflects that the victim knew appellant and allowed him to stay with him on the night of February 20, 1982. The victim left for work the next morning, and when he returned that afternoon, appellant was gone. The victim then noticed that some of his clothing and his wallet, which contained a Department of Correction I.D., were missing, and later he realized that his checkbook was also gone. He notified the bank that his checkbook was missing on February 23, 1982.

On February 21, 1982, appellant cashed an $85 check drawn on the account of the victim and on February 24 appellant withdrew $350 from the victim's savings account. On February 26 he attempted to withdraw another $425 from the savings account. He fled the bank when the bank clerk took a long time to complete the transaction, leaving the withdrawal slip and the victim's Department of Correction I.D. with the clerk. Bank employees gave the police a description of appellant, and he was picked up in the vicinity of the bank shortly thereafter.

For reversal, appellant argues that the trial court erred in not granting a continuance of his trial because one of appellant's material witnesses was not present. The record reflects that this witness was in prison at the time of the trial and that a subpoena was served on him by the Lincoln County Sheriff's Office on November 19, 1982. It was

returned to the Jefferson County Circuit Clerk on November 29, 1982, the day of the trial.

At trial, the following exchange took place in chambers regarding this witness:

MR. HOLMES: [Defense Attorney] [I] don't have that many witnesses and that is one thing now I wanted to get in to the record what one witness would testify that was subpoenaed who is not here and apparently he's down at Cummins and this subpoena was sent down to . . .

MR. BROWN: [Deputy Prosecuting Attorney] Who's that?

MR. HOLMES: Stanley Anderson. I would like to dictate into the record what this witness would testify to in the event he was here in court.

MR. BROWN: That's fine with me. Go ahead.

MR. HOLMES: If Stanley Anderson were here to testify, according to the defendant, he states that Stanley Anderson was present at a time when [the victim] stated, 'Whatever I've got is yours. Here is a passbook or here is the checks. Go cash a check if you need some money. Go get some money.' He states that Stanley Anderson is a witness to this occurrence that would verify that the defendant had permission to cash these checks.

MR. BROWN: As I understand it, Mr. Anderson is in the State pen. Down at Cummins?

MR. HOLMES: I would imagine because I sent the subpoena to Star City, Lincoln County and advised them that he was in the Department of Corrections. I don't think they returned the service, but he shouldn't be hard to find down there.

MR. BROWN: When did you send it down there?

MR. HOLMES: About three weeks ago.

MR. BROWN: Did you attempt to get an order to deliver?

MR. HOLMES: No.

MR. BROWN: Just a subpoena?

MR. HOLMES: Just a subpoena.

MR. BROWN: Did you go down there and talk to Stanley? . . .

. . . .

MR. HOLMES: I have not talked with him.

We cannot agree that reversible error occurred. Appellant argues that the trial court should have granted a continuance, but the record as set out above reflects that no request for a continuance was ever made. A party must make known to the trial court the action which he desires the court to take. *Robinson* v. *State,* 256 Ark. 675, 509 S.W.2d 808 (1974).

Although the record reflects that a subpoena was served on the witness, Ark. Stat. Ann. § 43-2022 (Repl. 1977) provides for a court order to obtain the presence of a witness who is presently incarcerated:

Prisoner from state penitentiary as witness. — Hereafter, any Circuit Court of the State of Arkansas, having jurisdiction of any criminal offense involving a felony, pending for trial in such court, may, upon presentation of petition duly verified and for good cause, by the Prosecuting Attorney, or interested defense counsel, have jurisdiction and authority to provide by proper order the presence in court and for the trial and as a witness, any person incarcerated in the State Penitentiary whose testimony would be material either for

the State of Arkansas or the defendant sought to be tried upon a felony in the Court having jurisdiction.

No such order was ever obtained. Under these circumstances appellant's conviction must be affirmed.

Affirmed.