Dennis Joe VENTRESS *v.* STATE of Arkansas

CR 90-43                                    794 S.W.2d 619

Supreme Court of Arkansas
Opinion delivered September 10, 1990

*Baim, Gunti, Mouser, DeSimone, Robinson & Kizer*, by: *Maxie G. Kizer*, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The sole issue in this case is whether the trial court erred by refusing to give an instruction which was requested by the appellant. The trial court did not err and, accordingly, we affirm.

Appellant and Ronnie Goolsby were jointly charged with the capital murder of Charles Sowell. Goolsby's case was severed, and he pleaded guilty to, and was sentenced for, the lesser included offense of first degree murder. Appellant's trial was held later and, at the trial, there was no dispute that the victim had been murdered and that appellant was involved in some way. The only issue was the manner and extent of appellant's involvement. The testimony given to the jury basically set out two versions of appellant's involvement.

The first version was contained in appellant's confession. In it, appellant stated that he and Goolsby planned to rob the victim and Goolsby said, "I don't leave no witnesses." Even though Goolsby said he would kill the victim, appellant went with Goolsby to the victim's home. Goolsby went into the house while appellant watched from outside. Goolsby beat the victim to death. Goolsby then let appellant in, and appellant took the victim's wallet and money.

The second version was given by appellant in his testimony at trial. At that time he said that he gave his initial confession only because he wanted to give the police a "lead" on Goolsby and, "I didn't know I was jeopardizing myself that much." He testified

that the correct story was that he knew the victim well and knew that he was a homosexual who would pay to have sexual activity with Goolsby. He took Goolsby to the victim's house so Goolsby could prostitute himself. He waited at another location until they had time to finish their liaison. He then went back to the victim's house, heard screaming, went in, and found that Goolsby had killed the victim. Appellant took the victim's wallet from a closet and handed it to Goolsby.

This version was also given, with minor differences, by Goolsby at trial. Although issues of credibility are not material to this opinion, it is interesting to note that Goolsby admitted on the stand that he had been in a severe car wreck some time before the murder and that, as a result, his right arm was paralyzed, and one of his ankles was "half-way twisted" so that his movement was hindered; further, in his confession he said that appellant was the one who killed the victim. Still, at trial he maintained that he alone grabbed the victim, an able-bodied man, and beat and strangled him to death and that he was mistaken in his confession. He admitted that he had nothing to lose by "taking the rap" at trial since he was already serving a thirty-five (35) year sentence for the murder and could not be resentenced.

In summary, the appellant was tried separately for the capital murder of the victim, with robbery being the under-lying offense. The testimony set out two versions of the facts. The trial court gave, among others, instructions on AMCI 1501 and 2103, capital murder and robbery; AMCI 1502 and 2203, first degree murder and theft of property; AMCI 301, lesser included offenses; and AMCI 401, accomplices and joint responsibility. The trial court further gave the jury verdict forms by which it could find the appellant guilty of (1) capital murder, (2) first degree murder, or (3) not guilty.

The appellant requested an additional instruction, taken from Ark. Code Ann. § 5-2-406 (1987), which provides:

When two or more persons are criminally liable for an offense of which there are different degrees, each person shall be liable only for the degree of the offense that is consistent with his own mental culpability or with his own accountability for an aggravating fact or circumstance.

■ While appellant's requested instruction was a correct statement of law, it was not error for the trial court to refuse to give it since other instructions covered the issue. *Wallace* v. *State,* 270 Ark. 17, 603 S.W.2d 399 (1980). Further, the requested instruction was not an AMCI instruction. An instruction not included in AMCI should be given only when the trial judge finds that the AMCI instruction does not state the law or AMCI does not contain a needed instruction on the subject. *Henderson* v. *State,* 284 Ark. 493, 684 S.W.2d 231 (1985). Neither of those conditions was present in this case. Thus, the trial court did not err in refusing to give the requested instruction.

Pursuant to Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals an examination has been made of all motions and objections decided adversely to appellant, and we find no errors prejudicial to the rights of appellant.

Affirmed.