## Roy G. WOOTEN *v.* STATE of Arkansas

CA CR 90-89                                             799 S.W.2d 555

### Court of Appeals of Arkansas
### Division II
### Opinion delivered November 21, 1990

*J.F. Atkinson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Roy G. Wooten initially was charged by information with the offense of aggravated assault and attempted capital murder. On September 13, 1989, he entered a plea of nolo contendere to a reduced charge of attempted battery in the first degree. The plea bargaining agreement called for a sentence of ten years, with three years suspended. After conducting a hearing to determine that the plea had been voluntarily entered, the trial court accepted the plea. On

September 23, 1989, the order of commitment was signed by the trial court.

While in the Sebastian Detention Center awaiting transportation to the Arkansas Department of Correction, appellant filed papers which the trial court treated as a motion to vacate his plea. He subsequently was transported to the department of correction. New counsel was appointed for appellant, and a hearing was held on the motion on November 21, 1989, after which the trial court entered an order denying the request to withdraw the plea. Appellant appeals from that order.

Appellant contends that the trial court should have vacated his plea pursuant to Ark. R. Crim. P. 26.1 because the plea was involuntary and was entered without knowledge of the nature of the charge. We cannot agree.

Rule 26.1(a) provides that a criminal defendant may withdraw his plea of guilty or nolo contendere upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a "manifest injustice." However, a motion to withdraw a plea pursuant to Rule 26.1 must be made and acted on before sentence is placed into execution. Once a valid sentence has been put into execution, the trial judge is without jurisdiction to vacate it. A sentence is placed into execution when the court issues a commitment order. *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987).

In this case, the sentence had been imposed, the commitment order issued, and the appellant transported to the department of correction before the motion was acted on. As the trial court was without jurisdiction to set aside the sentence, we do not address the issues raised on appeal.

Affirmed.

COOPER, and MAYFIELD, JJ., agree.