John Lee SMITH *v.* STATE of Arkansas

CA CR 90-56                                          806 S.W.2d 391

Court of Appeals of Arkansas
Division II
Opinion delivered April 10, 1991

*William R. Simpson, Jr.*, Public Defender, *Howard W. Koopman*, Deputy Public Defender, by: *Andrew H. Beavers*, Deputy Public Defender, for appellant.

*Ron Fields*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. John Lee Smith appeals from his conviction of theft by receiving a motor vehicle, for which he was sentenced to a term of ten years in the Arkansas Department of Correction. He contends that the guilty verdict is not supported by substantial evidence. We agree.

■ In criminal cases, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State, and will affirm if the conviction is supported by substantial evidence. *Dillard* v. *State*, 20 Ark. App.

35, 723 S.W.2d 373 (1987). Substantial evidence has been defined as evidence of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond mere suspicion or conjecture. *Jones v. State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

Viewed in that light, the evidence in this case discloses that at 3:30 a.m. on May 11, 1989, the Little Rock Police Department received a report that a person had been seen crouching in some bushes near a liquor store. About two blocks from the liquor store, Officer Leslie Houser observed appellant running down the street. Appellant stopped momentarily by a parked 1979 Chevrolet Malibu, which was later identified as having been stolen from the Dumas, Arkansas, residence of Mr. Bill Canada in January 1989. Appellant grabbed the driver's side door handle, but fled around the front of the vehicle after observing the officer.

Several other officers were called to the scene and, after a lengthy pursuit, appellant was apprehended and taken to the police station. Appellant denied any knowledge of, or connection with, the stolen vehicle. He listed his nearest relative as his mother, who resided in Dumas.

At the time that the incident occurred, the vehicle was locked and the windows were up. The officers found no keys to the vehicle on appellant or elsewhere. Inside the car, the officers found tools that might have been related to a burglary, but there was no evidence to connect appellant with any of the vehicle's contents. Twelve identifiable fingerprints were taken from the door frame, rearview mirror, and exterior of the vehicle's trunk. One fingerprint found on a window sill on the driver's side of the car was identified as belonging to appellant. Two of the prints found on the exterior of the trunk lid also were identified as appellant's. It was determined that the remaining fingerprints were made by someone other than appellant.

At the close of the State's case and at the close of all of the evidence, appellant made appropriate motions for a directed verdict, challenging the sufficiency of the evidence. The motions were denied, and the jury found appellant guilty of theft by receiving. The sole issue on appeal is whether the evidence is sufficient to sustain the conviction.

■ To prove theft by receiving, the State must show that the accused received, retained, or disposed of stolen property, knowing or having good reason to believe that it was stolen. Ark. Code Ann. § 5-36-106(a) (1987). A person "receives" stolen property if he acquires possession or control of, or title to, the property or uses the property as security. Ark. Code Ann. § 5-36-106(b) (1987). Proof of actual possession is not necessary in order to establish theft by receiving; proof of constructive possession will suffice. A person constructively possesses property when he has the power and intent to control it. *Riddle* v. *State*, 303 Ark. 42, 791 S.W.2d 708 (1990).

■ Here, the only connection between appellant and the stolen car shown by the evidence was that he grabbed the door handle, his fingerprints were on the window sill and the trunk, and he had relatives living in Dumas. The car was found parked on a city street, accessible to the general public. No one saw appellant in control of, or even inside, the vehicle. No keys to the locked vehicle were found in his possession. Appellant argues, and the State does not dispute, that his fingerprints were found only on the exterior of the car. Nor was there any proof connecting appellant to any contents of the car. From our review of the record, we cannot conclude that there is any substantial evidence to support a finding that appellant had actual or constructive possession of the vehicle.

Reversed and dismissed.

JENNINGS and DANIELSON, JJ., agree.