Donnie Ray PETERSON *v.* STATE of Arkansas

CR 94-391                                    876 S.W.2d 261

Supreme Court of Arkansas
Opinion delivered May 23, 1994

Pro Se Motion for Appointment of Counsel; *John Langston,* Judge; denied and appeal dismissed.

*Appellant*, pro se.

No response.

PER CURIAM. In 1985 appellant Donnie Ray Peterson pleaded guilty to theft of property and burglary and was sentenced to consecutive terms of imprisonment of thirty and forty years. He further pleaded guilty to a second count of theft of property and battery in the second degree and was sentenced to concurrent terms of imprisonment of twenty and ten years imprisonment to be served consecutively to the sentences imposed for the afore-mentioned count of theft and the burglary conviction. In 1986 appellant filed a petition to correct sentence under Criminal Procedure Rule 37 and Act 431, which is now codified as Ark. Code Ann. § 16-90-111 (Supp. 1991). The petition was denied. In 1987 the trial court denied a second petition filed by appellant pursuant to Criminal Procedure Rule 37 seeking to vacate the pleas. We affirmed. *Peterson* v. *State*, 296 Ark. 324, 756 S.W.2d 897 (1988). In 1992 appellant filed another petition to correct sentence pursuant to Ark. Code Ann.§ 16-90-111 (Supp. 1991) which was denied by the trial court. Appellant appealed, and this court dismissed the appeal as meritless. *Peterson* v. *State*, CR 93-117 (March 22, 1993). In October 1993 appellant filed a third petition to correct sentence pursuant to Ark. Code Ann.§ 16-90-111 (Supp. 1991). It was denied, and appellant has lodged the record here on appeal. He now seeks appointment of counsel.

■ The appellant's motion is denied, and the appeal dismissed as it is clearly apparent from the record that appellant could not prevail in the appeal. This court has consistently held that an appeal of the denial of post-conviction relief will be dismissed in those cases where it is clear that the appeal is merit-

less. *Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991); *Johnson* v. *State*, 303 Ark. 560, 798 S.W.2d 108 (1990); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

Arkansas Code Annotated § 16-90-111 (Supp. 1991) provides a narrow remedy whereby the trial court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within one-hundred-and-twenty days after a petitioner has entered a plea of guilty. Appellant did not file the petition in the trial court until approximately seven years after he pleaded guilty and the sentences were imposed. After the one-hundred-twenty day period for filing a petition elapses, relief is not available under the statute unless the petitioner demonstrates that the sentence imposed was illegal on its face. *Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987); *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Appellant did not make such a showing.

■■ Appellant did not contend that the sentences imposed, which were within statutory range, exceeded the maximum sentence which could be imposed for the offenses. He argued only that the sentences imposed were illegal because the prior felony convictions used to establish that he was a habitual offender were not valid. The argument is not one sufficient to demonstrate that an otherwise valid sentence is illegal on its face. Arkansas Code Annotated § 16-90-111 (Supp. 1991) does not require the trial court to reexamine the validity of convictions used to establish that the petitioner was a habitual offender.

Motion denied and appeal dismissed.