Jimmy Wayne SMITH *v.* STATE of Arkansas

CR 95-163                              900 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered June 19, 1995

*Appellant*, Pro Se.

No response.

PER CURIAM. On September 8, 1993, judgment was entered in the Circuit Court of Columbia County reflecting that Jimmy Wayne Smith had been found guilty of carnal abuse and that a suspended sentence had been revoked. Mr. Smith was sentenced to ten years imprisonment. An appeal of the judgment was not perfected. On April 11, 1994, Smith filed in the circuit court a *pro se* petition to correct sentence pursuant to Ark. Code Ann.§ 16-90-111 (Supp. 1993) which was denied April 19, 1994. As Rule 4 (a) of the Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days from the entry of the order from which the appeal is taken, Smith would have had to file any notice of appeal of the order by May 18, 1994. The record does not reflect that he did so.

On August 1, 1994, the trial court entered an order stating that Smith had filed on May 19, 1994, an untimely notice of appeal and that no action would be taken with respect to the untimely notice. (The untimely notice of appeal referred to by the trial court does not appear in the record.)

Petitioner Smith now seeks to proceed with a belated appeal of both the order which denied the petition to correct sentence and the order which declared the notice of appeal to be untimely. As his ground with respect to the order which declared the notice of appeal untimely, petitioner states that the court misunderstood the notice of appeal which was filed, assuming it to be from the original judgment rather than the order which denied the petition to correct sentence. Whether the trial court misunderstood the intention of the notice is not at issue, however, because petitioner did not include in the record any notice of appeal of the order denying the petition. Moreover, even if there had been a timely notice of appeal of the order which denied the petition to correct sentence, it is clear that the petition itself was not timely filed and thus did not warrant relief.

Criminal Procedure Rule 37.2 (b) provides in pertinent part that *all* grounds for post-conviction relief from a sentence imposed by a circuit court must be raised in a petition under Rule 37. Arkansas Code Annotated § 16-90-111 (Supp. 1993) is in conflict with Criminal Procedure Rule 37 in that it permits claims for post-conviction relief to be raised under the statute. The statute permits the trial court to correct a sentence imposed in an illegal manner within one hundred-twenty days after judgment is entered and permits an illegal sentence to be corrected at any time. It further permits a circuit court to reduce a sentence within 120 days after sentence is imposed or within one hundred-twenty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal and to reduce a sentence upon revocation of probation as provided by law. In contrast, Criminal Procedure Rule 37.2 (c) provides that a petition under the rule is untimely if not filed within ninety days of the date judgment was entered if no appeal of the judgment was taken or within sixty days of the date the mandate was issued if the judgment was affirmed on appeal. (If judgment was not entered of record within ten days of the date sentence was pronounced, a petition under Rule 37 must be filed where a guilty plea was

entered or no appeal was taken within ninety days of the date sentence was pronounced.)

Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved in favor of our rules. *Reed* v. *State*, 317 Ark. 286, 878 S.W.2d 378 (1994), citing *Hickson* v. *State*, 316 Ark. 783, 875 S.W.2d 492 (1994). The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on a untimely petition for postconviction relief. *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As petitioner did not file his petition for post-conviction relief within the ninety-day period set by Rule 37 to raise such claims, the petition was untimely. Petitioner therefore could not have prevailed on appeal even if he had perfected an appeal.

Motion denied.