Douglas COTHRINE *v.* STATE of Arkansas

CR 95-447 907 S.W.2d 134

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant pleaded guilty to two counts of delivery of a controlled substance on March 3, 1994. He was sentenced to a total of twenty-two and one-half years imprisonment. The sentence was imposed on March 3, 1994. Almost a year later, on February 22, 1995, the appellant filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111. The petition was denied and the appellant brings this appeal.

 The trial court's denial of relief is affirmed because the appellant's petition was untimely. Criminal Procedure Rule 37.2(b) provides in pertinent part that all grounds for post-conviction relief, including claims that a sentence is illegal or illegally imposed, must be raised in a petition under Rule 37. *See Harris* v. *State*, 318 Ark. 599, 887 S.W.2d 514 (1994). Arkansas Code Annotated § 16-90-111 (Supp. 1991), which permits the trial court to correct a sentence imposed in an illegal manner within one-hundred-twenty days after the receipt of the affirming mandate of the appellate court and which permits an illegal sentence to be corrected at any time is in conflict with Criminal Procedure Rule 37. Criminal Procedure Rule 37.2(c) provides that if the conviction was obtained on a plea of guilty, a petition is untimely if not filed within ninety days of the date of entry of judgment. Since the petition was not filed until nearly a year after the judgment, it was untimely. The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Maxwell* v. *State*, 298 Ark.

329, 767 S.W.2d 303 (1989). Therefore, the appellant was not entitled to relief in circuit court.

This court has recognized a distinction between a petition for writ of habeas corpus and a petition for post-conviction relief under Rule 37. *Waddle* v. *Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993); *Mackey* v. *Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). A state writ of habeas corpus cannot be substituted for post-conviction relief. The writ of habeas corpus will be issued only when the commitment is invalid on its face or the committing court lacked jurisdiction. *Mackey* v. *Lockhart, supra; Wallace* v. *Willock*, 301 Ark. 69, 781 S.W.2d 478 (1989). This court in *Waddle* v. *Sargent, supra*, held that a defendant had the right to petition the trial court for a writ of habeas corpus based on the trial court's alleged lack of jurisdiction even though his petition for a writ of habeas corpus was untimely filed.

Affirmed.