Leamon L. ASHE *v.* STATE of Arkansas

CA CR 96-418 942 S.W.2d 267

Court of Appeals of Arkansas
Division I and IV
Opinion delivered April 16, 1997

[Supplemental opinion on denial of rehearing
delivered May 21, 1997.]

*Donald A. Forrest*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior App. Advocate, for appellee.

SAM BIRD, Judge. Appellant Leamon Ashe was found guilty by a jury of theft of property and sentenced as an habitual offender to thirty years in the Arkansas Department of Correction and fined $5,000. A motion for judgment NOV, for new trial, and for reduction of sentence was filed, and on December 13, 1995, the

trial court entered an order denying appellant a new trial but reducing his sentence to fifteen years with credit for time served. Both appellant and the State have appealed. Appellant argues that the trial court (1) should have granted his motion to dismiss for lack of sufficient evidence to convict, and (2) erred in departing from the model jury instruction. The State, as cross-appellant, argues that the trial court erred in reducing the defendant's thirty-year prison sentence, which had been fixed by the jury, to a sentence of fifteen years in the Arkansas Department of Correction.

At trial, Susan Foster testified that she was part owner of Clyde's Used Cars in West Memphis, Arkansas, and on May 5, 1995, she reported the theft of a 1983 greenish-gray Cadillac from her lot. She said she had sold the car the day before for $995, closed the business at about 5:30 p.m., and the next morning when the buyer came to pick the car up, it was gone. Ms. Foster said she did not see the vehicle again until she picked it up at the Memphis impound lot several weeks later. She also testified that she did not know Leamon Ashe and that no one at her business gave him authorization to use the vehicle.

G.R. Herbert, a Memphis police officer, testified that on June 26, 1995, he was dispatched to the Overton Manor Apartment Complex at 3046 St. Clair Place about 8:45 p.m. to look for a stolen car. He said that although this was a fairly large apartment complex, each apartment had its own number, and he found a 1983 gray Cadillac parked closest to and in front of 3046 St. Clair. He said the steering column was broken, the trunk lock was punched out, a tire was flat, and it had no license plate. Officer Herbert said he ran the vehicle identification number and found that the car was stolen so he had it towed to the impound lot.

C.I. Woodruff, another Memphis police officer, testified that he worked in the crime scene unit, took photographs, made diagrams of crime scenes, inventoried and tagged evidence, looked for latent fingerprints, and preserved evidence. He processed the Cadillac on June 27, 1995, and took pictures of the car that depicted the damage. Officer Woodruff said the only identifiable fingerprint he found was on the front corner of the rearview mir-

ror, which was lying on the floorboard near the front passenger's seat.

Frank Stuckey testified to the procedure he used in taking appellant's fingerprints, and the fingerprint card was introduced into evidence without objection. Andre Nagoski testified that he is a latent fingerprint examiner for the Memphis police department, and he identified the fingerprint found on the rearview mirror in the floorboard of the Cadillac as matching the right ring finger of the appellant.

Memphis Police Officer Michael W. Allen testified that he had interviewed the appellant, who gave his address as 3046 St. Clair Place, Memphis, Tennessee, and said he had a sister who lived in West Memphis on South 11th Street, within a few blocks of Clyde's Auto Sales.

 Appellant argues in his first point for reversal that the evidence was insufficient to support his conviction. A person commits theft of property if he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) (Repl. 1993). Our standard of review in a case such as this was stated by the Arkansas Supreme Court in *Nichols v. State*, 280 Ark. 173, 655 S.W.2d 450 (1983):

> On appellate review of the sufficiency of the evidence, we seek to determine whether the verdict is supported by substantial evidence. We reiterated in *Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980), that substantial evidence, whether direct or circumstantial, must be of "sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond suspicion or conjecture . . . . [T]he test is not satisfied by evidence which merely creates a suspicion or which amounts to no more than a scintilla or which gives equal support to inconsistent inferences." Evidence is not substantial whenever the factfinders are left "only to speculation and conjecture in choosing between two equally reasonable conclusions, and merely gives rise to a suspicion." *Surridge v. State*, 279 Ark. 183, 650 S.W.2d 561 (1983). A directed verdict should be

granted where there is no evidence from which the jury could have found, without resorting to surmise and conjecture, the guilt of the defendant. *Fortner & Holcombe v. State,* 258 Ark. 591, 528 S.W.2d 378 (1975). In *Ravellette v. State,* 264 Ark. 344, 571 S.W.2d 433 (1978), we said: "Where inferences are relied upon, they should point to guilt so clearly that any other conclusion would be inconsistent. This is so regardless of how suspicious the circumstances are."

Here, there is no evidence upon which the jury could base its convictions except upon surmise and conjecture. When the evidence is found insubstantial on appeal, the double jeopardy clause of our federal constitution requires a dismissal of the action. *Roleson v. State,* 277 Ark. 148, 614 S.W.2d 656 (1981); *Polland v. State,* 264 Ark. 753, 574 S.W.2d 656 (1978); *Burks v. U.S.,* 437 U.S. 1 (1978); and *Greene v. Massey,* 437 U.S. 19 (1978).

*Nichols v. State,* 280 Ark. at 175-76, 655 S.W.2d at 452.

Appellant submits that the State's only evidence against him was: (1) An unsubstantiated report that he had relatives living within two to four blocks of the car lot from which the car was stolen; (2) the car was found in Memphis, Tennessee, about a month after the theft, parked in front of 3046 St. Clair Place, which was the address appellant gave as his address; (3) a finger-print matching one of appellant's fingerprints was found on the unattached rearview mirror that was lying on the floor of the car; and (4) a hearsay report about a "Crimestopper's tip" that led police to the car. Appellant submits various scenarios that would innocently explain these facts.

In determining the sufficiency of the evidence, it is necessary to ascertain only the evidence favorable to the appellee State, and it is permissible to consider only that testimony that supports a verdict of guilt. *Gardner v. State,* 296 Ark. 41, 67, 754 S.W.2d 518, 531 (1988). The evidence against appellant was cir-cumstantial, but circumstantial evidence is sufficient to constitute substantial evidence. *Hooks v. State,* 303 Ark. 236, 795 S.W.2d 56 (1990). In determining whether the evidence was substantial we consider only the evidence that supports the conviction without weighing it against other evidence favorable to the accused. *Key*

*v. State*, 325 Ark. 73, 76, 923 S.W.2d 865 867-68 (1996); *Farris v. State*, 308 Ark. 561, 826 S.W.2d 241 (1992). Circumstantial evidence alone may constitute substantial evidence when every other reasonable hypothesis consistent with innocence is excluded. *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996). Once the evidence is determined to be sufficient to go to the jury, the question of whether the circumstantial evidence excludes any other hypothesis consistent with innocence is for the jury to decide. *Key, supra; Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993); *Lolla v. State*, 179 Ark. 346, 15 S.W.2d 988 (1929). The credibility of the witnesses who testify in a criminal trial is a matter for the jury to determine, and it may reject, in whole or in part, the testimony of any witness, including the defendant, who is the person most interested in the outcome of the trial. *Moore v. State*, 315 Ark. 131, 134, 864 S.W.2d 863, 865 (1993); *Atkins v. State*, 310 Ark. 295, 302, 836 S.W.2d 367, 371 (1992); *Zones v. State*, 287 Ark. 483, 702 S.W.2d 1 (1985).

In the instant case the State proved that appellant's sister lived within walking distance of the car lot from which the Cadillac was taken; when the car was located, it was parked directly in front of the apartment in which appellant lived; and one of appellant's fingerprints was found on the rearview mirror that was lying in the floor of the car.

 Appellee informs us that many jurisdictions have held that the State puts before the jury substantial evidence when it proves that the defendant's fingerprints were found at the scene of the crime. *See* Annotation, *Fingerprints, Palm Prints or Bare Footprints as Evidence*, 28 A.L.R.2d 1115, 1150-55 (1953 and Later Case Service). Arkansas has followed this trend. In *Tucker v. State*, 50 Ark. App. 203, 901 S.W.2d 865 (1995), we reviewed our case law:

> Fingerprints, under some circumstances, may be sufficient to sustain a conviction. *See Brown v. State*, 310 Ark. 427, 837 S.W.2d 457 (1992) (fingerprints found both on exterior window glass and inside the structure); *Howard v. State*, 286 Ark. 479, 695 S.W.2d 375 (1985) (fingerprint removed from exact place where robber was seen placing his hand as he vaulted into booth); *Ebsen*

*v. State*, 249 Ark. 477, 459 S.W.2d 548 (1970) (fingerprints on both sides of a plate glass window that had been broken in and propped up inside the store). However, fingerprints alone have been held to be insufficient. *See Standridge v. State*, 310 Ark. 408, 837 S.W.2d 447 (1992) (thumbprint found on disposable cup beside a tent that was several feet from marijuana plants is not enough where there was no evidence to suggest when or where the appellant had touched the cup, whether he had purchased it, or how it came to be near the marijuana); *Holloway v. State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984) (fingerprints on piece of glass located outside the house where a burglary occurred are not enough).

50 Ark. App. at 206-07; 901 S.W.2d at 867. The fingerprint on the mirror, the proximity of the stolen Cadillac to the apartment in which appellant was living, and the fact that appellant had relatives living within walking distance of the car lot the Cadillac was stolen from, considered together, constitute sufficient evidence to support the jury's finding of guilt.

Appellant also argues that the trial court erred in departing from the Arkansas Model Criminal Instructions. During deliberations the jury returned to the courtroom and asked:

> JUROR: We have a question, sir. We would like for you to explain in laymen's terms what you mean by exercised unauthorized control.

> THE COURT: Let me see that instruction. That simply means to use the automobile without the permission of the owner.

Appellant contends that with this instruction, the jury was not required to find that he knew the car was stolen or that his purpose was to deprive the owner of its property, but only had to find that he had "use[d] the automobile without the permission of the owner." Appellant contends the jury was improperly instructed and that gave the State a "much lessened burden from AMCI." Appellant admits that if the court had read the entire instruction again, substituting "without the permission of the owner" for the words, "exercised unauthorized control," he would be without this argument. He suggests, however, that because of what the court did "the jury was given the very wrong impression that it

only need find that Ashe operated the car without the owner's permission and need not find that appellant had knowledge and purpose to deprive the owner thereof."

In support of this argument appellant cites *Cavin v. State*, 313 Ark. 238, 855 S.W.2d 285 (1993), in which our supreme court said:

> It is not error for the trial court to refuse to give a non-AMCI jury instruction if the other instruction given covered the issue. *See Williams v. State*, 304 Ark. 279, 801 S.W.2d 296 (1990); *Henderson v. State*, 284 Ark. 493, 684 S.W.2d 231 (1985). An instruction not included in AMCI should be given only when the trial judge finds that the AMCI instruction does not state the law or if AMCI does not contain a needed instruction on the subject. *Ventress v. State*, 303 Ark. 194, 794 S.W.2d 619 (1990).

313 Ark. at 249-50, 855 S.W.2d at 291. Appellant also cites *Donovan v. State*, 26 Ark. App. 224, 764 S.W.2d 47 (1989), in which this court said:

> Although the appellant argues that the instruction was unduly emphasized when the court did not repeat all the instructions, we do not agree. We do agree that additional instructions must be used with care. The case of *Hicks v. State*, 225 Ark. 916, 287 S.W.2d 12 (1956), cited by appellant, makes it clear that it is preferable to settle the instructions in chambers. Moreover, *Rush v. State*, 239 Ark. 878, 395 S.W.2d 3 (1965), shows the danger of giving new or repeated instructions after jury deliberations have begun. However, in *McGaha v. State*, 216 Ark. 165, 224 S.W.2d 534 (1949), the court said:
>
>> The trial court did not err in reinstructing on the degrees of homicide after the jury reported agreement on the question of defendant's guilt as to some offense. It is within the province of the presiding judge to give further instructions when, in the exercise of proper discretion, he regards it necessary to do so in the furtherance of justice, and it is not always necessary in such cases that he should repeat the whole charge. (Citations omitted.)
>
> 216 Ark. at 171-72. Also, in *Wood v. State*, 276 Ark. 346, 635 S.W.2d 224 (1982), the court said:

> It is within the province of the presiding judge to recall the jury and [give] them further instructions when, in the exercise of a proper discretion, it is necessary to do so in the furtherance of justice. *Harrison v. State*, 200 Ark. 257, 138 S.W.2d 785 (1940). It is not always necessary in such cases that he should repeat the whole charge. *Harrison v. State, supra.*

276 Ark. at 349. Furthermore, Rule 33.4 of the Arkansas Rules of Criminal Procedure provides, in part, as follows:

> (d) The judge may recall the jury after it has retired to deliberate and give it additional instructions in order to:
>
> (i) correct or withdraw an erroneous instruction;
>
> (ii) clarify an ambiguous instruction; or
>
> (iii) inform the jury on a point of law which should have been covered by the original instructions.
>
> (e) Should additional instructions be given, the judge in his discretion may allow additional argument by counsel.

> While *McGaha* and *Wood, supra*, approved additional instructions under situations where the jury had requested the instructions, and the appellate court found no error since the jury had indicated it understood all the other instructions, both opinions specifically state that it is not always necessary to repeat all the instructions. Both opinions also say that additional instructions may be necessary in the furtherance of justice, and both opinions recognize that the real problem is the proper exercise of the trial court's discretion.

26 Ark. App. at 231-33, 764 S.W.2d at 51.

■ The appellee characterizes appellant's argument as an assertion that by the way the trial court defined "exercised unauthorized control," he so emphasized that part of the statutory definition of theft of property that, in the minds of the jurors, the rest of the definition of theft of property faded away, leaving the theft of property a strict-liability offense that did not require proof of a culpable mental state. Appellee concedes that appellant makes a very good argument that the trial court should not have defined the term for the jury but should have reread the entire statutory definition of theft of property. Appellee argues, however, that

appellant has failed to preserve this argument for appeal because appellant did not ask the court to give the entire instruction. The appellant must make known to the court the action he wishes the court to take. *Dumond v. State*, 290 Ark. 595, 599, 721 S.W.2d 663, 665 (1986) (citing *Walker v. State*, 280 Ark. 17, 20, 655 S.W.2d 370, 372 (1983)). "It is the duty of a party desiring relief to apprise the trial court of the proper basis upon which he relies in order to preserve an issue for appeal." *Baker v. State*, 310 Ark. 485, 490, 837 S.W.2d 471, 473 (1992).

██ ██ Appellee argues that appellant's second argument is also procedurally barred because the only relief appellant requested was a mistrial. Mistrial is an extreme remedy that should only be granted when justice cannot be served by continuing the trial. A mistrial is only appropriate when the error is beyond repair and cannot be corrected by any curative relief. A trial court has broad discretion in granting or denying a motion for a mistrial, and the trial court's decision will not be reversed absent abuse of that discretion. *Cook v. State*, 316 Ark. 384, 872 S.W.2d 72 (1994); *Jiminez v. State*, 24 Ark. App. 76, 749 S.W.2d 331 (1988). It was appellant's burden to request curative relief, and his failure to request a limiting instruction cannot inure to his benefit on appeal. *Haynes v. State*, 311 Ark. 651, 846 S.W.2d 179 (1993); *Sullinger v. State*, 310 Ark. 690, 840 S.W.2d 797 (1992). If appellant had brought to the trial court's attention that he wanted the jury to hear the entire theft-of-property instruction again, as he argues on appeal, the judge probably would have done that. We cannot agree that the trial court's actions were an abuse of discretion, particularly where appellant did not request the judge to reinstruct the jury on the entire definition of theft of property.

██ On cross-appeal the State argues that the trial court erred in reducing appellant's thirty-year sentence, which had been fixed by the jury, to fifteen years. The State is permitted to appeal the imposition on a defendant of a sentence that was illegally imposed by the circuit court. *See, e.g., State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993); and *State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). The State has the right to such appeals pursuant to Arkansas Rules of Appellate Procedure—Criminal 3(b), (c)

(1996) (formerly codified as Arkansas Rule of Criminal Procedure 36.10(b); (c)). Moreover, in a criminal case the State is permitted to pursue an appeal as a cross-appellant. *See, e.g. Moore v. State,* 321 Ark. 249, 258-61, 903 S.W.2d 154, 158-60 (1995) and *State v.Brown,* 265 Ark. 41, 577 S.W.2d 581 (1979).

 Appellant was convicted of theft of property pursuant to Ark. Code Ann. § 5-36-103(b)(2) (Repl. 1993), a Class C felony. Arkansas Code Annotated section 5-4-401(a)(4) (Repl. 1993) sets the sentence for a Class C felony at not less than three nor more than ten years. However, at the beginning of the penalty phase of the trial, the prosecution entered evidence that appellant was a habitual offender with five prior felony convictions. Arkansas Code Annotated section 5-4-501(b)(4) (Supp. 1995) provides that a defendant who is convicted of a Class C felony after June 30, 1993, and has four or more prior felony convictions may be sentenced to a term of not less than three nor more than thirty years. Thus, the sentence of thirty years' imprisonment imposed by the jury was within the statutory range of permissible sentences for someone with more than four prior felony convictions who is convicted of a Class C felony.

After the jury recommended a sentence of thirty years in the Arkansas Department of Correction, the trial court pronounced sentence from the bench. A formal, written judgment and commitment order was filed on November 15, 1995. On November 28, 1995, appellant filed a motion for reduction of sentence, because "the sentence is clearly too harsh for the crime for which this jury has convicted him." On December 13, 1995, the court, without a hearing and without explanation, modified appellant's sentence, stating simply:

> The Defendant's Motion for Judgment NOV and Motion for New Trial are denied, but the Defendant's Sentence of Thirty (30) years in the Arkansas Department of Correction and fine of five thousand dollars ($5,000) is hereby reduced to a term of fifteen (15) years in the Arkansas Department of Correction with credit for time served.

In response to the State's argument that the reduction of his sentence was error, appellant argues that appellee did not preserve

this issue for appeal because no record was made of the hearing and the prosecution did not object to the reduction of the sentence. The State responds in its reply brief that no hearing was held to make a record of and that it did object to the reduction of appellant's sentence when it filed an answer to appellant's motion.

The State may raise at any time the illegality of reducing a sentence, and the issue of an illegal sentence may be raised for the first time on appeal. In *Bangs v. State*, 310 Ark. 235, 239, 835 S.W.2d 294 (1992), the Arkansas Supreme Court said, "[W]e treat allegations of void or illegal sentences similar to problems of subject matter jurisdiction in that we review such allegations whether or not an objection was made in the trial court. *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986). A sentence is void when the trial court lacks authority to impose it. *Id.*" We also find that the State, by filing its answer objecting to appellant's motion for reduction of his sentence, reserved this issue for appeal, particularly since the court granted the motion without conducting a hearing.

A criminal defendant is sentenced when the statutory authority of a circuit court to reduce a sentence of imprisonment ends and the constitutional authority of the Governor to grant clemency begins. Our case law tells us that a defendant is sentenced when the trial judge enters a judgment and commitment order. *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995); *Pannell v. State*, 320 Ark. 250, 895 S.W.2d 911 (1995); *Kelly v. Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987); *Wooten v. State*, 32 Ark. App. 194, 799 S.W.2d 555 (1990). A trial court is without jurisdiction to modify a sentence once it has been put into execution. *DeHart v. State*, 312 Ark. 323, 325, 849 S.W.2d 497, 499 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989); *Toney v. State*, 294 Ark. 473, 743 S.W.2d 816 (1987).

Once a defendant has been sentenced, any motion for reduction of the length of the sentence is a request for clemency, *Smith v. State*, 262 Ark. 239, 555 S.W.2d 569 (1977), which is reserved to the Governor, Ark. Const. art. 6 § 18. In *Shelton v. State*, 44 Ark. App. 156, 160, 870 S.W.2d 398, 400 (1994), we

noted that the Arkansas Supreme Court has been very careful to consider the separation of powers when reviewing the authority of trial courts to reduce a defendant's sentence. Because of the power to pardon held by the Governor, courts have no authority to reduce a defendant's sentence on the basis that it is unduly harsh. *Parker v. State*, 302 Ark. 509, 790 S.W.2d 894 (1990); *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Rogers v. State*, 265 Ark. 945, 582 S.W.2d 7 (1979); *Abbott v. State*, 256 Ark. 558, 508 S.W.2d 733 (1974).

In *Parker* the Arkansas Supreme Court said:

> In the past this court did reduce sentences. *Carson v. State*, 206 Ark. 80, 173 S.W.2d 122 (1943). We later decided that such an action was wrong because it violated the separation of powers doctrine. *Osborne v. State*, 237 Ark. 5, 371 S.W.2d 518 (1963). There we decided that the power to exercise clemency is vested, not in the courts, but in the chief executive. Since then we have uniformly held that the sentence is to be fixed by the jury and not by this court. If the testimony supports the conviction for the offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it even though we think it unduly harsh. *Id.* at 7, 371 S.W.2d at 520.

302 Ark. at 512, 790 S.W.2d at 895.

As stated in *Coones, supra*:

> In *Williams, Standridge & Deaton v. State*, 229 Ark. 42, 313 S.W.2d 242 (1968), we recognized that:
> > The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way either during or after the term or session of the court at which the sentence was pronounced; any attempt to do so is of no effect and the original sentence remains.
>
> We reiterated this rule in the recent cases of *Cooper v. State*, 278 Ark. 394, 645 S.W.2d 950 (1983); and *Hunter v. State*, 278 Ark. 428, 645 S.W.2d 954 (1983), where we said that, "Once a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it." To the same effect are *Shipman v. State*, 261 Ark. 559, 550 S.W.2d 454 (1977); and *Emerson v. Boyles*, 170 Ark. 621, 280 S.W. 1005 (1928). In *Emer-*

*son* we recognized "the rule, well established, that where the defendant has entered upon the execution of a valid sentence, the court loses jurisdiction over the case."

280 Ark. at 322-23, 657 S.W.2d at 555. And *Abbott v. State, supra,* says:

> Appellant also contends that the sentences are excessive and a deterrent to his rehabilitation. The state, in its brief, reminds us that we have held that review of sentences which are not in excess of statutory limits is not within the jurisdiction of this court because the exercise of clemency is a function of the executive branch of the government under Art. 6, Sec. 18 of the Arkansas Constitution, and this court is not at liberty to reduce a sentence within statutory limits, even though we might think it unduly harsh. *Osborne v. State,* 237 Ark. 5, 371 S.W.2d 518. *See also, Hurst v. State,* 251 Ark. 40, 470 S.W.2d 815.

256 Ark. at 562, 508 S.W.2d at 733.

Appellant also argues that the sentencing statutes do not prohibit discretion of judges to reduce sentences and cites Ark. Code Ann. § 16-90-111 (1987). That statute is entitled *"Fixing of punishment — Correction of illegal sentence — Reduction of sentence"* and provides in its entirety:

> (a) Any circuit court, upon receipt of petition by the aggrieved party for relief and after the notice of the relief has been served on the prosecuting attorney, may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence.

> (b)(1) The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal.

> (2) The court may also reduce a sentence upon revocation of probation as provided by law.

This statute is not applicable in the instant case. It pertains, as the title states, only to illegal sentences. In *Peterson v. State,* 317 Ark. 151, 153, 876 S.W.2d 261 (1994), our supreme

court held that Ark. Code Ann. § 16-90-111 (1987) provides a narrow remedy whereby the trial court may correct an illegal sentence at any time, and may correct a sentence imposed in an illegal manner within 120 days after a guilty plea. An illegal sentence is a sentence that is illegal on its face. *Lovelace v. State*, 301 Ark. 519, 520, 785 S.W.2d 212 (1990); *Abdullah v. State*, 290 Ark. 537, 720 S.W.2d 902 (1986). *Cothrine v. State*, 322 Ark. 112, 907 S.W.2d 134 (1995), held that Ark. Code Ann. § 16-90-111 (Supp. 1991), which permits the trial court to correct a sentence imposed in an illegal manner within 120 days after the receipt of the affirming mandate of the appellate court and which permits an illegal sentence to be corrected at any time, is in conflict with Ark. Crim. P. Rule 37. *See also, Petree v. State*, 323 Ark. 570, 920 S.W.2d 819 (1995), and *Smith v. State*, 321 Ark. 195, 900 S.W.2d 939 (1995).

 Appellant's original sentence was within the statutory range of permissible sentences for someone convicted of a Class C felony who has more than four prior felony convictions. Therefore, his sentence is modified to reinstate the original sentence recommended by the jury: thirty years in the Arkansas Department of Correction and a five thousand dollar ($5,000) fine.

Affirmed on direct appeal. Reversed on cross appeal and modified.

STROUD and JENNINGS, JJ., agree.

COOPER, NEAL, and CRABTREE, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I believe that there was insufficient evidence to convict the appellant of theft.

The State was required to prove that the appellant knowingly took or exercised control over the auto with the purpose of depriving the owner thereof. *See* Ark. Code Ann. § 5-36-103 (Supp. 1995). The State did prove that a twelve-year-old auto was stolen from a used car lot within a few blocks of where the appellant's sister lived, that the auto was found nearly two months later in the parking lot of the apartment complex where the appellant lived, and that a detached rearview mirror found on the passenger side front floorboard bore the appellant's fingerprint.

The State's evidence is wholly circumstantial. As such, it will provide substantial evidence only if it excludes every other reasonable hypothesis. Although this is a question for the fact-finder to determine, the fact-finder must not be left to speculation and conjecture; two equally reasonable conclusions regarding what occurred merely give rise to a suspicion of guilt, and that is insufficient as a matter of law to sustain a criminal conviction. *Carter v. State*, 324 Ark. 395, 921 S.W.2d 924 (1996); *Reams v. State*, 45 Ark. App. 7, 870 S.W.2d 404 (1994).

Every essential element of the offense must be established by substantial evidence. *See Ward v. Lockhart*, 841 F.2d 844 (1988). But where is the evidence that the appellant "knowingly took or exercised control over" the auto in the case at bar? Although the evidence might perhaps be sufficient to show that the appellant had been a passenger in the auto, there is nothing to indicate that he took or exercised control over it. The majority places great reliance on the single fingerprint found on the detached rearview mirror, and declares that Arkansas has followed a trend toward considering the presence of a defendant's fingerprints at a crime scene to be substantial evidence *per se*. This is a misstatement of the law. The presence of fingerprints may or may not establish whether an offense has been committed, depending upon the elements of the offense charged and the circumstances of the particular case. *See Tucker v. State*, 50 Ark. App. 203, 901 S.W.2d 865 (1995).

For example, in *Smith v. State*, 34 Ark. App. 150, 806 S.W.2d 391 (1991), we held that twelve fingerprints on an automobile were insufficient to sustain a conviction for theft by receiving where the vehicle was parked in a place accessible to the general public and no one had seen the appellant in control of, or even inside, the vehicle. In the case at bar, the appellant was convicted of the greater offense of theft on similar evidence, and I dissent.

NEAL and CRABTREE, JJ., join in this dissent.

## SUPPLEMENTAL OPINION ON DENIAL
## OF REHEARING

### May 21, 1997

*Donald A. Forrest*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior App. Advocate, for appellee.

SAM BIRD, Judge. Appellant petitions for rehearing and points out that in our opinion dated April 16, 1997, we appear to have affirmed appellant's conviction on direct appeal and reversed the trial court's reduction of appellant's sentence on cross-appeal by a vote of three to three. As appellant correctly notes, under our rules, a tie vote would affirm the lower court on direct appeal but would not have the effect of reversing the lower court on cross-appeal. Although this is the apparent effect of our April 16, 1997, opinion, it is the result of an unfortunate mistake that we now correct in this supplemental opinion. Our original opinion of April 16, 1997, should have reflected that this court's votes on the direct appeal and on the cross-appeal were as follows:

> Affirmed on direct appeal.
> STROUD and JENNINGS, JJ., agree.
> COOPER, NEAL, and CRABTREE, JJ., dissent.
>
> Reversed on Cross-Appeal and modified.
> COOPER, STROUD, JENNINGS, NEAL, and CRABTREE, JJ., agree.

This supplemental opinion is being delivered for the sole purpose of setting forth the correct votes of the court on appel-

lant's direct appeal and the State's cross-appeal, and it is not intended to change the result of either as announced in our original opinion of April 16, 1997.

JENNINGS, STROUD, NEAL, and CRABTREE, JJ., agree.