Cite as 2020 Ark. App. 411

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-900

|  |  |
|---|---|
| CHELSEA DAVIS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 16, 2020<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-18-125]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>REVERSED AND DISMISSED |

## KENNETH S. HIXSON, Judge

Appellant Chelsea Davis appeals her conviction by the Lonoke County Circuit Court of theft by receiving after a bench trial, for which she was sentenced to sixty months' probation. On appeal, appellant's sole argument is that there was insufficient evidence to support her conviction. We agree.

Appellant was arrested and charged with theft by receiving with a value greater than $1000 but less than or equal to $5000, a Class D felony, under Arkansas Code Annotated section 5-36-106(e)(3)(a) (Repl. 2013). A bench trial was held on April 24, 2019, and the following facts were introduced at trial.

Christie Williams testified that on or about around February 23, 2018, her white 2002 Chevrolet Tahoe was stolen from her home. A white Tahoe was later observed at appellant's residence. On March 1, 2018, Detective Paul McIntosh, Lieutenant William Langley, and Deputy Robert Ruble went to appellant's residence and saw the white Tahoe

backed up in the driveway so that the license plate was not visible from the street. Upon questioning by the officers, appellant stated the vehicle had been left at her residence by an acquaintance, Allen Abbott. The vehicle was locked, and she did not have the keys. Upon request, appellant gave the officers permission to inspect the vehicle. The officers did not recover any keys or dust the vehicle for fingerprints. Deputy Ruble looked up the Tahoe's vehicle-identification number and confirmed that the vehicle was stolen. The value of the vehicle was estimated at approximately $5300. Thus, Deputy Ruble arrested appellant for theft by receiving.

After the State rested at trial, appellant moved to dismiss the charge against her. She argued that the State failed to prove that she had exercised authorization or control over the vehicle. She further argued that there was not any "unexplained possession" or evidence to indicate that she had any reason to believe that the vehicle was stolen. Finally, she argued that Deputy Ruble's testimony regarding the value of the vehicle was insufficient. The circuit court denied appellant's motion.

Timothy Wallace, appellant's former roommate, testified on appellant's behalf. Mr. Wallace stated that an unidentified man knocked on their door approximately three days before appellant's arrest while appellant was asleep in her room. After he answered the door, the man parked the vehicle and left the vehicle at the residence without leaving any keys. Mr. Wallace further testified that he later moved out of the residence the same day the unidentified man left the vehicle.

Appellant testified that the unidentified man Mr. Wallace referred to is Allen Abbott, whom she has known her "whole life." She explained that he had left the vehicle at her

2

residence because the "transmission was going out." She stated that Mr. Abbott did not give her the keys. Appellant further explained that the Tahoe had been parked at her residence for four or five days, and she had been "wondering why he hadn't been back to get the vehicle." Appellant admitted that she was concerned and worried when the officers "surrounded" her. She testified that "when [the officers] asked permission [to look in the vehicle,] I told them sure." She stated that she told the officers that Mr. Abbott had dropped it off and that she "had no reason to keep them from looking."

After appellant presented her evidence, she renewed her motion to dismiss. She specifically argued that there was no testimony that she exercised any control over the vehicle, there was no indication that she exhibited a guilty conscience, and she had no reason to suspect the vehicle was stolen. She further asserted that the evidence was insufficient "as to her having possession and there's insufficient evidence as to the knowledge that the vehicle was stolen." The circuit court denied the motion and found her guilty of theft by receiving. This timely appeal followed.

## I. *Sufficiency of the Evidence*

A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. Ark. R. Crim. P. 33.1 (2019); *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. When reviewing a challenge to the sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Hinton v. State*, 2015 Ark. 479, 477 S.W.3d 517. The sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Wyles v. State*, 368

3

Ark. 646, 249 S.W.3d 782 (2007); *Boyd v. State*, 2016 Ark. App. 407, 500 S.W.3d 772. Substantial evidence is evidence of sufficient force and character that will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Hinton*, *supra*. Finally, the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Thornton*, *supra*.

A person commits theft by receiving when he or she receives, retains, or disposes of stolen property of another person, either knowing or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2013). "Receiving" means acquiring possession, control, or title or lending on the security of the property. Ark. Code Ann. § 5-36-106(b). A presumption that a person knows or believes property was stolen arises when there is unexplained possession or control by the person of recently stolen property. Ark. Code Ann. § 5-36-106(c)(1). Theft by receiving is a Class D felony if the value of the property is $5000 or less but more than $1000. Ark. Code Ann. § 5-36-106(e)(3)(A).

Appellant contends that the circuit court should have granted her motion to dismiss because the evidence produced at trial was insufficient to support her conviction for theft by receiving. Specifically, she argues that there was no evidence that she had the power or intent to exercise control of the vehicle. She explains that she did not have the vehicle's keys, no evidence had placed her inside the vehicle at any time, and she was not connected to any contents within the vehicle. Appellant additionally argues that there was no evidence to support that she knew or had reason to know that the vehicle had been stolen. Therefore,

4

she argues that the State's case was made entirely of circumstantial evidence that left the fact-finder to resort to speculation and conjecture. We agree.

Proof of actual possession is not necessary in order to establish theft by receiving; proof of constructive possession will suffice. *Doubleday v. State*, 84 Ark. App. 194, 138 S.W.3d 112 (2003). A person constructively possesses property when he or she has the power and intent to control it. *Id.* A person may be found guilty of theft by receiving if he or she is knowingly in possession of stolen property, even without proof that the person took the property himself or herself or acquired it from the actual thief. *Id.*

Appellant compares the facts of this case to those of *Smith v. State*, 34 Ark. App. 150, 806 S.W.2d 391 (1991). There, we reversed and dismissed a conviction for theft by receiving because there was a lack of substantial evidence to support a finding that Smith had actual or constructive possession of the stolen vehicle. Law enforcement received a report that a person had been seen crouching in some bushes near a liquor store. About two blocks from the liquor store, law enforcement saw Smith running down the street. Smith momentarily stopped by a parked vehicle on the public city street and grabbed the driver's side door handle. However, Smith fled around the front of the vehicle when he saw the officer. The vehicle was later determined to be stolen. We explained that the only connection between Smith and the stolen vehicle was that he grabbed the door handle, his fingerprints were on the windowsill and the trunk, and that he had relatives who had lived in the city from where the vehicle had been stolen. We held that this evidence was insufficient in light of the evidence that the vehicle was parked on a street accessible to the general public, no one saw Smith in control of or inside the vehicle, no keys to the locked

5

vehicle were found in Smith's possession, Smith's fingerprints were found only on the exterior of the vehicle, and there was not any proof connecting Smith to any contents of the vehicle.

We agree with appellant that the facts of this case are sufficiently similar to those in *Smith*, requiring us to reverse and dismiss her conviction. Here, the only connection between appellant and the stolen vehicle is that it was located on the driveway of her residence. She told the officers that she had no reason to keep them from inspecting the vehicle. It is undisputed that she told the officers that the vehicle belonged to Mr. Abbott and that she did not possess the keys to the locked vehicle. The officers failed to recover any keys in her possession even after her arrest. Moreover, because the officers did not dust the vehicle for fingerprints, there was no proof that her fingerprints were on either the exterior or interior of the vehicle. Further, no one saw appellant in control of, or even inside, the vehicle, nor was there any evidence connecting appellant to any contents of the vehicle. Thus, from our review of the record, we cannot conclude that substantial evidence supports a finding that appellant had actual or constructive possession of the vehicle without resorting to speculation or conjecture.

Reversed and dismissed.

HARRISON and KLAPPENBACH, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

6